**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____ )
)
AMERICANS FOR PUBLIC TRUST,              )
107 South West Street, Ste. 442          )
Alexandria, VA 22314                     )
                                         )
                      Plaintiff,         )
                                         )
v.                                       )        Civil Case No. _____
                                         )
UNITED STATES DEPARTMENT OF              )        **COMPLAINT FOR**
HEALTH AND HUMAN SERVICES,               )        **DECLARATORY AND**
200 Independence Ave, SW                 )        **INJUNCTIVE RELIEF**
Washington, D.C. 20201;                  )
                                         )
and                                      )
                                         )
CENTERS FOR DISEASE CONTROL              )
AND PREVENTION                           )
1600 Clifton Road, N.E.                  )
Atlanta, GA 30329;                       )
                                         )
                      Defendants.        )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff, Americans for Public Trust ("Plaintiff"), and states as follows:

### NATURE OF THE CASE

1.     Plaintiff brings this action under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Department of Health and Human Services and the United States Centers for Disease Control and Prevention ("Defendants") to completely fulfill Plaintiff's February 4, 2021 FOIA request for records and to make an immediate determination regarding Plaintiff's administrative appeal challenging redactions from the records that have been produced to this point.

2.    Plaintiff seeks disclosure of records in the possession of the U.S. Department of Health and Human Services ("HHS")[1] containing "[e]mails, communications, correspondence, and/or talking points describing CDC guidance for the reopening of schools" between January 15, 2021, to the present in certain CDC officials' email accounts identified in Plaintiff's February 4, 2021 FOIA request letter. *See* Ex. 1 at 1. Additionally, Plaintiff seeks a determination from Defendants in response to its administrative appeal challenging numerous redactions and fully withheld records throughout the 497 pages of CDC records produced thus far, *see* Exhibits 4 and 5.

---

[1] Because responsive records from Defendant Centers for Disease Control and Prevention were produced to Plaintiff on April 21, 2021, Plaintiff now seeks the remaining records from Defendant HHS that HHS recently acknowledged it received from CDC on April 21 but had not yet processed, *see* Ex. 9, while also challenging Defendants' failure to make a timely determination on Plaintiff's administrative appeal of the CDC's numerous improper redactions in its 497 pages of produced records, *see* Ex. 5.

3.      Plaintiff seeks declaratory relief that Defendants are in violation of FOIA by (1) failing to timely communicate a determination of whether HHS will comply with Plaintiff's request for records, (2) failing to respond to Plaintiff's administrative appeal, and (3) improperly redacting non-exempt information in the initial production of CDC records. Plaintiff also seeks injunctive relief ordering Defendants to immediately and completely comply with Plaintiff's FOIA request and administrative appeal. Further, Plaintiff seeks fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

4.      This Court has both subject matter jurisdiction and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies with this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

5.      Plaintiff is a nonprofit corporation incorporated in Virginia, organized under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Alexandria, Virginia.

6.      HHS is headquartered in Washington, D.C., and its principal office is located at 200 Independence Ave, SW.

7.      The Centers for Disease Control and Prevention ("CDC") is

headquartered in Atlanta, Georgia, and its principal office is located at 1600

Clifton Road, N.E.

### PARTIES

8.     Plaintiff Americans for Public Trust is a Section 501(c)(3) non-profit,

nonpartisan organization committed to exercising vigilant oversight and restoring

trust in government by exposing corruption and holding politicians and political

groups accountable for corrupt and unethical behavior. To further this mission, it

uses in-depth investigations and legal action, including filing FOIA requests like that

at issue here, to help promote open and transparent government and ensure that those

who disregard the rule of law are held accountable. It also seeks to raise public

awareness of this work through reporting and disseminating information about the

powerful being held accountable for their misconduct to help rebuild public trust.

9.     Defendant HHS is a federal agency within the meaning of FOIA, 5

U.S.C. § 552(f)(1), and has possession, custody, and control of records to which

Plaintiff seeks access pursuant to FOIA. Additionally, HHS's Deputy Agency Chief

FOIA Officer of the Office of the Assistant Secretary for Public Affairs has

responsibility for processing administrative appeals of FOIA requests submitted to

the CDC. *See* Ex. 3 at 2.

10.    Defendant CDC is an agency within, and under the jurisdiction of,

HHS, and is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The CDC is tasked with protecting the United States from health, safety, and security threats in accordance with science and with providing health information to the American people to protect them against such threats. The CDC has possession, custody, and control of non-exempt records that Plaintiff is challenging as improperly withheld and/or redacted pursuant to cited FOIA exemptions.

## STATEMENT OF FACTS AND LAW

11.   On March 13, 2020, in response to the spread of the global coronavirus disease, the President of the United States declared a national emergency; in response, many states throughout the country announced that their public schools would close indefinitely. *See* Teo Armus, Katie Mettler, & Brittany Shammas, *14 States and Several Major Cities Close K-12 schools*, Wash. Post (Mar. 13, 2020), https://www.washingtonpost.com/world/2020/03/13/coronavirus-latest-news/ (last visited July 9, 2021). During the COVID-19 pandemic, the CDC has provided numerous different iterations of guidance and operational considerations for the safe operation of schools in response to the pandemic, with particular emphasis on the use of masks, hand hygiene, and physical distancing. For instance, in a January 29, 2021 agency publication, the CDC recommended that every student who is able should wear a mask at school and maintain a physical distance of two meters (6.5

feet) from other students. Ctrs. for Disease Control and Prevention, *Operational Considerations for Schools* (Jan. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/global-covid-19/schools.html#anchor_1595698082991 (last visited July 9, 2021).

12. On February 12, 2021, the CDC released its highly anticipated updated guidance ("CDC Guidance") directing schools how to proceed with reopening, which included extensive descriptions of prevention strategies and mitigation measures that were described as necessary to help provide "additional layers of COVID-19 prevention" for students and staff at schools. *See* Ctrs. for Disease Control and Prevention, *Operational Strategy for K-12 Schools through Phased Mitigation* (Feb. 12, 2021), https://web.archive.org/web/20210212190653/https://www.cdc.gov/coronavirus/2019-ncov/downloads/community/schools-childcare/K-12-Operational-Strategy-2021-2-12.pdf?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fcommunity%2Fschools-childcare%2Foperation-strategy.html (last visited July 9, 2021). As NPR reported, "[f]or politicians, parents and school leaders looking for a clear green light to reopen schools, [the CDC Guidance] is not it." Cory Turner, Anya Kamenetz, & Tamara Keith, *CDC Offers Clearest Guidance Yet for*

*Reopening Schools*, NPR (Feb. 12, 2021), https://www.npr.org/2021/02/12/967033554/cdc-offers-clearest-guidance-yet-for-reopening-schools (last visited July 9, 2021). The necessity and scientific basis for the CDC's stringent recommendations for schools, along with the practical effect of significantly slowing the process of reopening, were highly controversial at the time and remain a matter of significant public controversy and media scrutiny. *See, e.g.*, Joseph G. Allen & Helen Jenkins, *The CDC's Latest Demands Will Keep Millions of Kids Out of School Unnecessarily*, Wash. Post (Opinion) (Feb. 12, 2021), https://www.washingtonpost.com/opinions/2021/02/12/cdc-report-schools-problems/ (last visited July 9, 2021).

13.    Plaintiff is a non-profit organization interested in openness and transparency in government, with an emphasis on educating the public through reporting and restoring public trust in government by exposing corruption and holding politicians and government agencies accountable for corrupt and unethical behavior. To that end, Plaintiff seeks to review and publicize any records in Defendants' possession showing undue political influence of outside groups over the CDC's decision-making process shaping its school reopening guidance, particularly from teachers unions like the American Federation of Teachers ("AFT"). *See* Jon Levine, *Powerful Teachers Union Influenced CDC on School Reopenings, Emails*

*Show*, N.Y. Post (May 1, 2021), https://nypost.com/2021/05/01/teachers-union-collaborated-with-cdc-on-school-reopening-emails/ (last visited July 9, 2021). Plaintiff seeks to understand the degree and extent of AFT's exerted pressure and the influence it exercised in shaping the policy of the CDC and its officials, HHS, and the White House regarding school reopening.

14.    This is a matter of ongoing, urgent, and imminent public concern because the new school year is quickly approaching for millions of American students, and the CDC Guidance continues to dominate debates in states and local school boards across the country regarding the process of reopening, *see, e.g.*, Analise Knudson, *2021-2022 Academic Year: How Will All NYC Students Return If Social Distancing Remains in Place?* Staten Island Advance (Jun. 22, 2021), https://www.silive.com/education/2021/06/2021-2022-academic-year-how-will-all-nyc-students-return-if-social-distancing-remains-in-place.html (last viewed July 9, 2021), particularly given the recent rise of the "Delta variant," a highly infectious form of the coronavirus that is sweeping the United States, *see* Roni Caryn Rabin, Apoorva Mandavilli, & Shawn Hubler, *Masks Again? Delta Variant's Spread Prompts Reconsideration of Precautions*, N.Y. Times (June 29, 2021), https://www.nytimes.com/2021/06/29/health/coronavirus-delta-variant-masks.html (last viewed July 9, 2021). Accordingly, Plaintiff aims to fulfill its mission of

reporting on improprieties surrounding the CDC Guidance it believes it is likely to uncover from both the improperly redacted documents from the CDC and from the still-unreleased records in custody of HHS.

15.     The FOIA, 5 U.S.C. § 552, requires federal agencies to release requested public records unless a statutory exemption applies.

16.     An agency has twenty business days to respond to a request, which must include a notification to the requesting party of the agency's determination of whether to fulfill the request and of the requester's right to appeal the agency's determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

17.     An agency may delay its response only in "unusual circumstances" by providing written notice to the requesting party of the unusual circumstances and identifying a date when "a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). "No such notice shall specify a date that would result in an extension for more than ten working days . . . ." *Id.*

18.     For administrative appeals of agency decisions, including challenges to redactions based on alleged FOIA exemptions to disclosure, an agency must make a determination within twenty business days after receiving the appeal, and notify the person making the request of the provisions for judicial review of that determination. *Id.* § 552(a)(6)(A)(ii). In "unusual circumstances," this appeal time limit can also be

extended for up to ten working days by providing written notice to the requester. *Id.*

§ 552(a)(6)(B)(i).

19.     Plaintiff sent a FOIA request on February 4, 2021[2] to Defendants ("the

Request") requesting

> Emails, communications, correspondence, and/or talking points describing
> CDC guidance for the reopening of schools, during the above stated time
> period, in the following CDC staff email accounts: Rochelle Walensky
> (Director), Anne Schuchat (Principal Deputy Director), Christopher Jones
> (Associate Director for Communication), Robin Ikeda (Associate Director for
> Policy and Strategy), Mitchell Wolfe (Chief Medical Officer), Sherri Berger
> (Chief of Staff), [and] Jeff Reczek (Director, Washington Office).

A true and correct copy of the Request is included as Exhibit 1 ("Plaintiff's February

4 FOIA Request") and is incorporated hereto for all purposes.

20.     On February 5, 2021, Defendants acknowledged receipt of the Request

and stated that the search for responsive records would be initiated. Ex. 2

("Defendants' February 5 Acknowledgment Letter"). Defendants assigned it request

number 21-00613-FOIA, and stated that it would require more than the twenty-

working day limit to respond because of "unusual circumstances." *See id.*

21.     On April 21, 2021, Plaintiff received a response from the CDC's FOIA

Officer, Roger Andoh. *See* Ex. 3 ("CDC April 21 FOIA Determination"). The CDC

---

[2] Although the Request was mistakenly dated as February 4, <u>2020</u>, *see* Ex. 1, the
CDC understood that Plaintiff intended to date it February 4, 2021, *see* Ex. 2
("Defendants' February 5 Acknowledgment Letter").

determined that it had located 497 pages of responsive records. *Id.* at 1. Of those, only 63 pages were released in full; 189 of the pages were partially redacted (with many pages significantly redacted), and 148 of the pages were fully withheld. *See id.*; *see also* Ex. 4 ("CDC April 21 Records Production"). The CDC informed Plaintiff that the information was withheld under FOIA Exemption 5 (the "deliberative process privilege") and Exemption 6 (personnel files information and personal privacy exemption), *see* Ex. 3; beyond indicating which of these exemptions is applicable and a conclusory statement in the determination letter that "[t]he materials that have been withheld under the deliberative process privilege of Exemption 5 are both predecisional and deliberative, and do not contain or represent formal or informal agency policies or decisions," *id.*, the CDC provided no additional explanation for why these voluminous redactions are necessary or justified under FOIA, nor did it describe the substance of the materials underneath the redactions, including for the 148 entirely withheld pages. *See* Ex. 4.

22.     In the April 21 determination letter, the CDC also informed Plaintiff that the remaining 97 pages of responsive records were "referred to the Department of Health and Human Services for their direct response to [Plaintiff]," without additional explanation. *See* Ex. 3 at 1.

23.     The CDC also informed Plaintiff of its right to administratively appeal

its determination on or before July 20, 2021, by writing to the Deputy Agency Chief FOIA Officer in the Office of the Assistant Secretary for Public Affairs at HHS. *Id.* at 2.

24.    On May 14, 2021, Plaintiff submitted a FOIA appeal to HHS challenging the CDC's redactions as improper. Ex. 5 ("Plaintiff's May 14 Administrative Appeal") and Ex. 6 ("Plaintiff's May 14 FOIA Appeal Email") (email attachments are included with this Complaint as Exhibits 1, 3, 4, and 5). Plaintiff specifically challenged the redactions made under FOIA Exemption 5, arguing that this exemption does not protect many of the materials the CDC redacted from disclosure, and asserting that it almost certainly does not support withholding 148 of the responsive pages in full. Ex. 5 at 1-2. Plaintiff requested expedited consideration of the appeal because of its time-sensitive nature, and asked that the 20-day time limit imposed by 5 U.S.C. § 552(a)(6)(A)(ii) and 45 C.F.R. § 5.63(a) be strictly adhered to. *See id.*

25.    On May 17, 2021, Plaintiff received a confirmation email and letter from HHS indicating that the Administrative Appeal was received on May 14, 2021, and that it had been assigned Tracking No. 2021-00177-A-PHS. Ex. 7 ("HHS May 17 Administrative Appeal Acknowledgment Ltr.") and Ex. 8 ("HHS May 17 Appeal Acknowledgment Email"). HHS indicated that the appeal falls under "unusual

circumstances," meaning that it would require additional time to process the appeal beyond the statutory 20-business-day requirement. *See* Ex. 7.

26.     To date, Plaintiff has received no determination from HHS regarding Plaintiff's May 14 Administrative Appeal, even though more than thirty business days have passed since HHS received the Administrative Appeal.[3]

27.     On June 11, 2021, Plaintiff received a letter from the Office of the Secretary of HHS ("OS") acknowledging receipt of the CDC's referral of Plaintiff's February 4 FOIA Request, and assigned it Case Number 2021-00969-FOIA-OS. Ex. 9 ("HHS OS Acknowledgment Letter") and Ex. 10 ("HHS OS Acknowledgment Email"). OS acknowledged that it received the CDC's referral of the Request on April 21, 2021. Ex. 9 at 1; *see also* Ex. 3. OS also indicated that because of "unusual circumstances," the referred request to HHS would not be able to be processed within twenty business days, *see* Ex. 9 at 2.  To date, HHS has not communicated its determination as to whether it will comply with Plaintiff's Request as it relates to the referred records.[4]

28.     Since receiving HHS's June 11 acknowledgment email, Plaintiff has

---

[3] As of the date of filing this Complaint, 41 business days have passed since HHS acknowledged receipt of the Administrative Appeal.

[4] As of the date of filing this Complaint, 58 business days have passed since OS received Defendant CDC's referral of the records.

received no further communications from Defendants regarding the Request.

29.     Defendant HHS has failed to comply with the statutory deadline to respond within twenty business days of the agency's April 21 receipt of the Request, as required by FOIA under 5 U.S.C. § 552(a)(6)(A). And though written notice of "unusual circumstances" was provided in the June 11 correspondence, under which the statute permits a ten-business-day extension, *see id.* § 552(a)(6)(B), that deadline has long since expired because more than thirty business days have passed since HHS received the referral on April 21. None of these referred records have been produced, and HHS has communicated no determination regarding whether any of the identified responsive records related to the Request will be produced, or even whether there are additional responsive records beyond the 97 pages referenced by the CDC in its response letter.

30.     Defendants have also failed to comply with FOIA's statutory deadline to respond within twenty business days of the agency's receipt of the May 14 Administrative Appeal, as required by 5 U.S.C. § 552(a)(6)(A)(ii). And though written notice of "unusual circumstances" was provided in the May 17 Appeal Acknowledgment Letter, the ten-business day extension allowed by FOIA (*i.e.*, no more than thirty business days in total) has also expired. *See id.* § 552(a)(6)(B)(i). Furthermore, Defendants have also failed to respond to Plaintiff's request in the

Administrative Appeal for "expedited consideration of this appeal," *see* Ex. 5. This failure to respond to a request for expedited consideration of the Administrative Appeal within the statutory time frame is also "subject to judicial review," *see* 5 U.S.C. § 552(a)(6)(E)(ii)-(iii), particularly given Plaintiff's urgency to inform the public about the CDC's activities before the rapidly approaching new school year begins with reopening policies shaped largely by the CDC's COVID-19 protocols.[5] This failure provides an independent basis for review separate from the agency's

---

[5] *See Wash. Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 65 (D.D.C. 2006) (noting that 5 U.S.C. § 552(a)(6)(E) mandates expedited processing if "the request is made 'by a person primarily engaged in disseminating information,' and has an 'urgency to inform the public concerning actual or alleged Federal Government activity'") (*vacated as moot by subsequent consent motion*, *Wash. Post v. Dep't of Homeland Sec.*, No. 06-5337, 2007 U.S. App. LEXIS 6682, at *1 (D.C. Cir. Feb. 27, 2007)); *id.* at 76 (granting the plaintiff's motion for a preliminary injunction to "complete the processing of the plaintiff's [] FOIA requests and produce or identify all responsive records within 10 days of the date" of the opinion); *Aguilera v. FBI*, 941 F. Supp. 144, 152-53 (D.D.C. 1996) (granting a preliminary injunction and mandating expedited release of documents).

In time-sensitive cases like this one, "courts have equitable powers to order agencies to act within a particular time frame . . . ." *Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012). FOIA also grants courts jurisdictional authority to impose "concrete deadlines" on any agency that "delay[s]" the processing of an expedited FOIA request beyond what is arguably "as soon as practicable." *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (granting a preliminary injunction and ordering expedited processing and disclosure of documents concerning the Bush Administration's policy of conducting surveillance of domestic communications); *see also id.* at 39 (opining that if an agency fails to meet the "twenty-day deadline applicable to standard FOIA requests" it "presumptively also fails to" meet the expedited standard).

failure to timely comply with FOIA's twenty-day administrative appeal response deadline.

31.     Because Defendants have not complied with FOIA's explicit statutory obligations and timelines, Plaintiff has constructively exhausted all administrative remedies and may proceed directly to this Court for relief. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (a requestor exhausts its remedies unless, within the relevant time period, the agency "inform[s] the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions"); *id.* at 189-90 ("[I]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.").[6]

32.     Plaintiff has a statutory right of access to the records it seeks, and to a determination regarding its administrative appeal challenging the voluminous

---

[6] *See also* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."); *Nurse v. Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002) ("The FOIA is considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines.").

redactions as improper. There is no legal basis for Defendants to withhold those documents or to decline to respond to Plaintiff's administrative appeal within the statutory timeframes.

33.     To date, Plaintiff has not received any documents from HHS OS in response to the Request, nor has it received the statutorily required determination from Defendants in response to the Administrative Appeal.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552; Failure to Make Determination and Produce Records**

34.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

35.     Plaintiff properly requested records in its February 4, 2021 Request and responsive records are within Defendant HHS's custody and control. Defendant HHS acknowledged that it received Defendant CDC's referral of the Request on April 21, 2021. *See* Ex. 9.

36.     To date, Defendant HHS has failed to 1) make and communicate a determination within the applicable FOIA statutory deadlines whether to comply with Plaintiff's request with respect to the records in its custody and 2) produce records pursuant to the Request, or cite or explain a basis for a statutory exemption.

37.     Defendant HHS, by failing to produce and improperly withholding the

requested agency records, has violated FOIA's plain requirements. *See* 5 U.S.C. §§ 552(a)(3)(A), (a)(4)(B), (a)(6)(E)(ii)-(iii).

38.     Plaintiff has exhausted all applicable administrative remedies with respect to Defendant HHS's failure to respond to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

39.     Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the disclosure and release of responsive records in Defendant HHS's custody pursuant to the Request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552; Failure to Respond to Administrative Appeal Challenging Improper Redactions and to Respond to Plaintiff's Request for Expedited Processing of Administrative Appeal

40.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41.     Plaintiff properly submitted its Administrative Appeal on May 14, 2021, challenging the CDC's redactions and withholding of records as improper, particularly under FOIA Exemption 5 because it does not protect many of the materials the CDC redacted or withheld from disclosure. *See* Ex. 5.

42.     Plaintiff also requested expedited consideration of the Administrative Appeal because of its time-sensitive nature, and asked that the 20-day time limit under 45 C.F.R. § 5.63(a) be strictly adhered to. *Id.* at 2.

43.     To date, Defendants have failed to make and communicate a determination regarding Plaintiff's Administrative Appeal within the applicable FOIA statutory deadlines. Defendants have also failed to respond to Plaintiff's request for expedited processing "within 10 days after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I) or "in a timely manner[,]" *id.* § 552(a)(6)(E)(iii).

44.     By failing to (1) timely make and communicate a determination with respect to Plaintiff's Administrative Appeal, (2) demonstrate that redacted or withheld responsive records are exempt from production, (3) produce the improperly withheld agency records and redacted portions challenged in the Administrative Appeal, and (4) timely respond to and grant Plaintiff's request for expedited processing of the Administrative Appeal, Defendants have violated FOIA's plain language. *See* 5 U.S.C. §§ 552(a)(3)(A), (a)(4)(B), (a)(6)(A)(ii), (a)(6)(E)(ii)-(iii).

45.     Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to Defendants' determination of the Administrative Appeal, and to production of all non-exempt records and portions of records challenged in the Administrative Appeal as improperly redacted or withheld.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Americans for Public Trust, prays for the following relief:

1.     Declare that Defendant HHS's failure to (1) timely respond with a

determination whether to comply with Plaintiff's Request regarding the records in its custody and (2) disclose the records responsive to Plaintiff's Request within the statutory time frame violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(3)(A);

2.     Order Defendant HHS to immediately make and communicate a determination to Plaintiff in response to Plaintiff's Request, *see* 5 U.S.C. § 552(a)(6)(A)(i);

3.     Order Defendant HHS to expeditiously conduct an adequate search for all records responsive to Plaintiff's Request in accordance with 5 U.S.C. § 552(a)(3)(C) at no cost to Plaintiff;

4.     Preliminarily and permanently enjoin Defendant HHS from failing to promptly complete the processing and response to Plaintiff's Request, with an Order to identify and produce all responsive records not demonstrated by HHS to be properly exempt from disclosure within 10 days of the date of the Court's Order, or before August 31, whichever is earlier;

5.     Declare that Defendants' failure to make and communicate a determination regarding Plaintiff's Administrative Appeal within the applicable statutory deadlines violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(ii), (a)(6)(B)(i);

6.     Order Defendants to immediately make and communicate a determination to Plaintiff in response to Plaintiff's Administrative Appeal, and to

demonstrate that any withheld or redacted responsive records are exempt from production;

7.    Declare that Defendants' failure to respond to Plaintiff's request for expedited processing of the Administrative Appeal within the statutory time frame violates 5 U.S.C. § 552 (a)(6)(E)(ii)(I);

8.    Preliminarily and permanently enjoin Defendants from continuing to improperly withhold all non-exempt records responsive to the Request from Plaintiff, including any improperly redacted records and segments of records challenged in the Administrative Appeal;

9.    Maintain jurisdiction over this action to ensure that Defendants properly and lawfully respond to the Request and every order of this Court to ensure that no non-exempt responsive records or portions thereof are withheld;

10.    Award Plaintiff its litigation costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

11.    Grant any and all other relief that the Court may deem just and proper. Dated: July 15, 2021.


Respectfully submitted,

*/s/ Bryan Tyson*
Bryan P. Tyson
Georgia Bar No. 515411

btyson@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Phone: 770.434.6868
Fax: 770.434.7376


Jason Torchinsky*
jtorchinsky@holtzmanvogel.com
Kenneth C. Daines*
kdaines@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
***Counsel for Plaintiff***
*Motions for Pro Hac Vice Admission
 Forthcoming*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 15th day of July 2021, the foregoing Complaint was filed electronically with the Clerk of Court using the CM/ECF system. The following parties were served by USPS Certified, Return Receipt Mail on July 15th.

United States Department of Health and Human Services
200 Independence Ave, SW
Washington, DC 20201;

and

United States Centers for Disease Control and Prevention
1600 Clifton Road, N.E.
Atlanta, GA 30329

And, pursuant to Federal Rule of Civil Procedure 4(i), a copy of the summons was sent and served via Certified Mail, Return Receipt on July 15th to the following:

Attorney General Merrick Garland
c/o Assistant U.S. Attorney of Administration
Justice Management Division
950 Pennsylvania Ave. NW, Room 1111
Washington, D.C. 20530

Kurt R. Erskine
Acting United States Attorney for the Northern District of Georgia
Civil Process Clerk
75 Ted Turner Dr. SW
Suite 600
Atlanta, GA 30303-3309

*/s/ Bryan Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com

Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Phone: 770.434.6868
Fax: 770.434.7376

Jason Torchinsky*
jtorchinsky@holtzmanvogel.com
Kenneth C. Daines*
kdaines@holtzmanvogel.com
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
**Counsel for Plaintiff**
*Motions for Pro Hac Vice Admission Forthcoming*