**American Public Trust v. HHS**
**Case No. 21-cv-02834**

*Vaughn Index of Information Withheld/Redacted  from* ==September 1, 2021== *Release*

| | | REVISED INITIAL RESPONSE PROVIDED<br>September 1, 2021 | | |
|---|---|---|---|---|
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| 1. | Pages 2-38 | Draft records sent on 2/11/2021, From: CDC's Chief of Staff (CoS) To: HHS Chief of Staff for COVID Response, HHS Asst. Sec. for Preparedness and Response, Cc: CDC Director, CDC Principal Deputy Director, Principal Deputy Incident Manager CDC COVID-19 Emergency Response, Incident Manager CDC COVID-19 Emergency Response | Draft copy of Science Brief: Transmission of SARS-CoV-2 in K-12 schools and draft copy of Guidance for Operating Childcare Programs during COVID-19 | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy. |
| 2. | Pages 39-40 | Email dated 1/26/2021 from CDC CoS to HHS CoS for | Summaries and titles of various documents to be | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a list of pre-decisional documents and |

| | | COVID Response, HHS Asst. Sec. for Preparedness and Response, HHS Senior Advisor, Counselor to HHS Secretary, Cc: CDC Principal Deputy Director, Principal Deputy Incident Manager CDC COVID-19 Emergency Response, Incident Manager CDC COVID-19 Emergency Response | discussed at a school guidance and phased mitigation prep meeting between CDC and HHS | a summary of what the documents contain or should contain.  Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy. |
|---|---|---|---|---|
| 3. | Pages 41-48 | Email chain with attachment starting with an email dated 2/1/2021 from the CDC Acting Associate Director for Communication to CDC Director, Cc, CoS and ending on 2/2/2021 with an email from CoS to Acting Associate Director For Communication, CDC Director, Special Assistant to CDC Director | Content in the body of emails between the Director and the Acting Associate Director for Communication discussing, recommending, or opining on what should or should not be included in the Director's remarks to the National Governors Association call scheduled for the 2/2/2021<br><br>Five-page draft of Director's remarks to the National Governors Association | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding talking points for an upcoming meeting between the CDC Director, the White House, National Governors Association (NGA), and all the Governors.  Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff members. |

| 4. | Pages 49-50 | Email chain with attachment starting with an email dated 2/8/21 from Executive Office of the President (EOP) Associate Director of Public Engagement to CDC CoS, and ending 2/9/21 with an email from CDC CoS to CDC Director et al. | Content in the body of the emails contains discussion relating to school reopening and potential guidance rollout<br><br>White House email addresses and phone numbers from the Executive Office of the President (EOP) | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 5. | Pages 51-54 | Attachment to email chain dated February 8-9, 2021 above | Draft event memorandum to the CDC Director regarding School Reopening Teachers Roundtable which contains biographical information of potential teacher representatives for an upcoming meeting | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a pre-decisional draft memorandum with recommended purpose of meeting, talking points for upcoming meeting between the CDC Director and teacher representatives, and information regarding potential teacher representatives at the meeting.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of communicating and |

| | | | | engaging with the public and interested parties on pending agency policies and cause confusion regarding what information ultimately was shared by the CDC Director and with whom.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of biographical information for potential teacher representatives could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment. |
|---|---|---|---|---|
| 6. | Pages 55-58 | Email chain with attachment starting with an email dated 2/8/21 from EOP Associate Director of Public Engagement to CDC CoS, et al., and ending 2/10/21 with an email from CDC CoS to CDC Director et, al. | Content in the body of the emails contains discussion relating to school reopening and potential guidance rollout<br><br>White House email addresses and phone numbers from the Executive Office of the President (EOP) | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 7. | Pages 59-62 | Attachment to email chain dated February 8-10, 2021 above | Draft event memorandum to the CDC Director regarding | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a pre-decisional draft memorandum with recommended purpose of meeting, talking points for |

| | | | School Reopening Teachers Roundtable which contains biographical information of potential teacher representatives for an upcoming meeting | upcoming meeting between the CDC Director and teacher representatives, and information regarding potential teacher representatives at the meeting. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on decision-making and policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of communicating and engaging with the public and interested parties on pending agency policies and cause confusion regarding what information ultimately was shared by the CDC Director and with whom.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of biographical information for potential teacher representatives could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment. |
| 8. | Pages 63-64 | Email chain starting on 1/31/21 with an email from CDC Acting Associate Director for Communication to CDC Director, and ending on 1/31/21 with an email from CDC CoS to CDC Principal Deputy Director | Content in the body of emails discussing information on a draft Morbidity and Mortality Weekly Report (MMWR) and the nuances of the school rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding the school rollout and a draft MMWR. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner. |

| 9. | Pages 65-66 | Email chain starting with an email dated 2/7/2021 from the CDC CoS to EOP Intergovernmental Affairs Director, and ending on 2/15/2021 with an email from CDC CoS to CDC Director | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 10. | Pages 67-69 | Email chain starting with an email dated 1/11/2021 from a CDC Public Health Analyst to CDC Director et al., and ending on 1/19/21 with an email from CDC CoS to CDC's Principal Deputy Director | Content in the body of an email summarizing notes from a call, summary of a draft MMWR, and discussion on upcoming guidance and priorities for the week. | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of notes on pre-decisional and deliberative discussion regarding policy and guidance and separate agency priorities and a draft MMWR.  Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner. |
| 11. | Pages 70-73 | Email chain with attachment starting with an email dated 1/20/21 from EOP Policy Advisor to CDC Director, and ending on 1/21/21 with an email from CDC CoS to CDC Principal Deputy Director | Discussion in the body of the email regarding interagency coordination and draft materials relating to potential school and other protocols

EOP email addresses and phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding suggestions for policy making processes, potential interagency coordination, commentary on draft materials, recommendations for individuals to participate in discussions about potential coordination, information regarding interagency partners who are considering coordination, and titles of circulated draft documents.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and |

| | | | | reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner on coordination of potential policies and process for reviewing those policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 12. | Pages 74-87 | Attachment for January 20-21, 2021 email chain above | Draft update for interagency partner's COVID-19 landing page | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts of potential COVID-19 landing page including draft summaries of information, draft purpose of the draft landing page, and draft guidance and measures for responding to COVID-19.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner on coordination of draft and potential policies and the process for review. |
| 13. | Pages 88-89 | Email chain with attachment starting with an email dated 2/8/21 from EOP Associate Director of Public Engagement to CDC CoS, and ending 2/9/21 with an email from CDC CoS to CDC | Content in the body of the emails contains discussion relating to school reopening and potential guidance rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency |

| | | Director's Executive Assistant et al. | White House email addresses and phone numbers from the Executive Office of the President (EOP) | communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 14. | Pages 90-93 | Attachment to email chain dated February 8-9, 2021 above | Draft event memorandum to the CDC Director regarding School Reopening Teachers Roundtable which contains biographical information of potential teacher representatives for an upcoming meeting | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a pre-decisional draft memorandum with recommended purpose of meeting, talking points for upcoming meeting between the CDC Director and teacher representatives, and information regarding potential teacher representatives at the meeting.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of communicating and engaging with the public and interested parties on pending agency policies and cause confusion regarding what information ultimately was shared by the CDC Director and with whom.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of biographical information for potential teacher |

| | | | | representatives could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment. |
|---|---|---|---|---|
| 15. | Pages 94-95 | Email chain starting and ending on 2/19/21 from the CDC Director of the Washington Office to the CDC Director of National Center For Injury Prevention And Control (NCIPC), and ending with an email from CDC Director of the Washington Office to a program analyst at the Washington Office | Content in the emails discussing potential data talking points regarding the impact of staying out of school<br><br>Phone number of the Director for the Washington Office | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of discussion on data and language that could be used in talking points.  Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 16. | Page 96-127 | Email chain with attachment starting 2/8/21 from the CDC Deputy Director of Issues Management, Analysis & Coordination (IMAC) to CDC CoS, CDC Principal Deputy Director, and ending on 2/8/21 with an email from CoS to CDC Deputy CoS | Content in the body of the email discussing what steps need to happen prior to the release of school guidance.<br><br>Draft of K-12 Schools Operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional draft along with discussion on what needs to happen prior to the release of the guidance. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |

| 17. | Page 128 | Email chain beginning and ending on 2/20/21 with an email from Director of National Institute of Allergy and Infectious Diseases (NIAID) to CDC Director, and ending with an email from CDC Director to CDC Principal Deputy Director and a Division Director | NIAID email addresses and phone numbers of high-ranking officials | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 18. | Pages 132-141 | Email chain beginning on 2/3/21 with an email from EOP Covid Response Team Testing Coordinator to CDC CoS et al., and ending on 2/8/21 with an email from CDC CoS to the CDC Director's Executive Assistant | Content in body of email chain between CDC CoS and White House public engagement personnel discussing planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from participants, and what CDC Director's role will be in meeting.<br><br>EOP email addresses and personal identifiable information regarding potential teacher representatives | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from meeting participants, and what CDC Director's role will be in meeting.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in |

| | | | | conducting their official duties.  Additionally, release of potential teacher representative's biographical information could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment. |
|---|---|---|---|---|
| 19. | Pages 142-151 | Email chains beginning on 2/3/21 with an email from EOP Covid Response Team Testing Coordinator to CDC CoS, and ending on 2/9/21 with an email from CDC CoS to HHS Deputy Asst. Sec. for Public Affairs | Content in body of email chain between CDC CoS and White House public engagement personnel discussing planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from participants, and what CDC Director's role will be in meeting.  EOP email addresses and personal identifiable information regarding potential teacher representatives | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from meeting participants, and what CDC Director's role will be in meeting.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.  Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties.  Additionally, release of potential teacher representatives' biographical information could reasonably be expected to constitute an unwarranted |

| | | | | invasion of personal privacy by subjecting personnel to harassment. |
|---|---|---|---|---|
| 20. | Pages 152-153 | Email chain starting on 2/7/21 from CDC CoS to EOP Intergovernmental Affairs Director, and ending on 2/11/21 with an email from the CDC CoS to a CDC Public Health Analyst | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of White House EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 21. | Pages 154-155 | Email chain starting on 2/10/21 from EOP Special Asst. to the President to EOP Special Asst. to the President and Senate Legislative Affairs Liaison, and ending on 2/11/21 with an email from the CDC Director of the Washington Office to CDC CoS, et al. | Content in the body of emails discussing inquiries relating to public reports on school reopening<br><br>EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding reaction to release of school reopening guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with congressional counterparts on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of White House EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 22. | Pages 156-157 | Email chain starting on 2/2/21 from the National Education Association (NEA) to EOP | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of White House EOP email addresses could reasonably be expected to constitute an unwarranted invasion of |

| | | Policy Advisor for Testing in Covid-19 Response Team and ended on 2/3/21 with an email from CDC CoS to a CDC Branch Chief et al. | | personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 23. | Pages 162-163 | Email chain with attachment starting with an email dated 2/8/21 from the EOP Associate Director of Public Engagement to CDC CoS, and ending 2/9/21 with an email from CDC CoS to CDC Director | Discussion in the body of the email relating to school reopening and potential guidance rollout<br><br>EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 24. | Pages 164-173 | Email chain starting on 2/3/21 with an email from EOP Covid Response Team Testing Coordinator to CDC CoS and ending on 2/8/21 with an email from CDC CoS to the CDC Director | Content in body of email chain between CDC CoS and White House public engagement personnel discussing planning for roundtable meeting with CDC and teachers, questions and deliberations regarding | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from meeting participants, and what CDC Director's role will be in meeting.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions |

| | | | | |
|---|---|---|---|---|
| | | | how to respond to inquiries from participants, and what CDC Director's role will be in meeting.<br><br>EOP email addresses and personal identifiable information regarding potential teacher representatives | on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties.  Additionally, release of potential teacher representative's biographical information could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment. |
| 25. | Pages 174-184 | Email chain starting on 2/3/21 with an email from EOP Covid Response Team Testing Coordinator to CDC CoS and ending on 2/8/21 with an email from CDC CoS to the CDC Director | Content in body of email chain between CDC CoS and White House public engagement personnel discussing planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from participants, and what | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding planning for roundtable meeting with CDC and teachers, questions and deliberations regarding how to respond to inquiries from meeting participants, and what CDC Director's role will be in meeting.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and |

| | | | CDC Director's role will be in meeting.<br><br>EOP email addresses and personal identifiable information regarding potential teacher representatives | strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties.  Additionally, release of potential teacher representative's biographical information could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment. |
|---|---|---|---|---|
| 26. | Pages 185-212 | Email chain with attachment beginning on 1/28/21 with an email from the CDC CoS to CDC Division Director, CDC Director and ended on 1/29/21 with an email from CDC CoS to HHS Cos and HHS Asst. Sec. for Preparedness and Response et al. | Content in the body of emails that summarizes the edits made to the draft school guidance document, and discussion as to the next steps that should be completed prior to its release.<br><br>Draft of Operational Strategy for K-12 Schools through Phased Mitigation | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 27. | Pages 213-222 | Email chain beginning on 2/9/21 with an email from the EOP Policy Advisor to CDC | Discussion in body of email chain deliberating on questions and | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and |

|  |  | Acting Associate Director for Communication et al., and ended on 2/11/21 with an email from CDC Director of the Washington Office to a CDC Branch Chief et al. | considerations for media and stakeholder communications and planning for congressional outreach for safe school operating rollout<br><br>EOP email addresses and phone numbers | recommendations for media and stakeholder communications and strategies and planning for congressional outreach on safe school operating rollout. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 28. | Page 223 | Email chain beginning on 2/9/21 from EOP Policy Advisor to CDC Acting Associate Director for Communication et al., and ending on 2/10/21 with an email from the CDC Director of the Washington office to a CDC Program Analyst | EOP email addresses and a password for a zoom meeting | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and passwords could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 29. | Pages 224-225 | Email chain beginning on 2/1/21 from the Director of the American Federation of | Discussion in body of email chain consisting of deliberations and | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussion regarding stakeholder information and |

| | | Teachers (AFT) to several EOP and AFT staff, and ended on 2/2/21 with an email from the CDC Director to EOP Covid Response Team Testing Coordinator, et al. | questions regarding stakeholder feedback on upcoming guidance from CDC | feedback on upcoming guidance from CDC.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on considering appropriate handling of feedback from public stakeholders on policy matters.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 30. | Pages 226-231 | Email chain starting on 2/1/21 from the Director of the American Federation of Teachers (AFT) to EOP Covid Response Team Testing Coordinator, et al., and ending on 2/12/21 with an email from the CDC Director to CDC Division Director | Content in body of email chain discussing timing of potential release of guidance, providing draft language for school reopening guidance, and deliberations and questions regarding stakeholder feedback on upcoming CDC guidance<br><br>Phone number and EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of draft language for draft guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on considerations for inclusion in and specific presentation and language of policy guidance.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| 31. | Page 232 | Email chain starting on 2/1/21 from AFT Director to EOP Covid Response Team Testing Coordinator, et al., and ending on 2/2/21 with an email from CDC CoS to CDC Director's Executive Assistant | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 32. | Pages 234-237 | Email chain starting with an email dated 1/20/21 from EOP Policy Advisor to CDC Director, and ending on 1/21/21 with an email from CDC CoS to EOP Policy Advisor | Discussion in the body of the email regarding interagency coordination and draft materials relating to potential school and other protocols<br><br>EOP email addresses and phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding potential interagency coordination, commentary on draft materials, recommendations for individuals to participate in discussions about potential coordination, information regarding interagency partners who are considering coordination, and titles of circulated draft documents.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner on coordination of potential policies and review processes.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 33. | Pages 238-239 | Email chain starting on 2/11/21 from the CDC | Content in the body of the emails discussing | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of potential coordination regarding |

| | | Director of the Washington Office to CDC Health Policy & Issues Mgmt., and ending on 2/11/21 with an email from CDC Director of the Washington Office to CDC Health Policy & Issues Mgmt. | what topics should be included on an upcoming meeting<br><br>Phone number of the Director | school guidance. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff members.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 34. | Pages 240-242 | Email chain starting on 1/31/21 from EOP Special Asst. to the President for Education to the NEA, and ending on 2/1/21 with an email from CDC CoS to the CDC Director's Executive Assistant | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 35. | Pages 243-245 | Email chain starting on 1/31/21 from EOP Special Asst. to the President for Education to the NEA and ended on 2/1/21 with an email from CDC CoS to the CDC Director's Executive Assistant | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 36. | Pages 246-249 | Email chain starting on 1/31/21 from EOP Special Asst. to the President for Education to the NEA, and ended on 2/1/21 with an email | EOP email addresses, phone numbers, meeting IDs, and passcodes for a conference line | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses, phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| | | from CDC CoS to the CDC Director's Executive Assistant | | |
|---|---|---|---|---|
| 37. | Pages 250-252 | Email chain starting on 1/22/21 from CDC Principal Deputy Incident Manager to HHS CoS, and ending on 1/23/21 with an email from CDC CoS to CDC Acting Associate Director for Communication et al. | Content in the body of the emails contains summaries on draft guidance documents that were planning to be posted. Additional discussion on what needs to be done prior to posting<br><br>Principal Deputy Incident Manager's cell number | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of deliberative discussion on strategic plans regarding the upcoming posting of documents. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions as it relates to policy-making between staff. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 38. | Pages 253-256 | Email chain starting on 1/22/21 from CDC Principal Deputy Incident Manager to HHS CoS, and ending on 1/27/21 with an email from CDC CoS to CDC Principal Deputy Incident Manager and CDC Division Director | Content in the body of the emails contains summaries on draft guidance documents that were planning to be posted. Additional discussion on what needs to be done prior to posting | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of deliberative discussion on strategic plans regarding the upcoming posting of documents. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions as it relates to policy-making between staff. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |

| 39. | Pages 257-260 | Email chain starting with an email dated 2/8/21 from the EOP Associate Director of Public Engagement to CDC CoS and ending 2/10/21 with an email from the CDC CoS to EOP Associate Director of Public Engagement et al. | Discussion in the body of the email relating to school reopening and potential guidance rollout<br><br>EOP email addresses, phone numbers, and a personal medical comment related to covid were held | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties.  Additionally, disclosure of private medical information is an unwarranted invasion of privacy. |
| 40. | Pages 261-265 | Email chain starting with an email dated 2/8/21 from the EOP Associate Director of Public Engagement to CDC CoS and ending 2/9/21 with an email from the CDC CoS to CDC Acting Associate Director for Communication | Discussion in the body of the email relating to school reopening and potential guidance rollout<br><br>EOP email addresses, phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout and planning for stakeholder and congressional outreach.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |

| | | | | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 41. | Pages 266-267 | Email chain starting with an email dated 2/8/21 from the EOP Associate Director of Public Engagement to CDC CoS and ending 2/9/21 with an email from the CDC Director to CDC CoS | Discussion in the body of the email relating to school reopening and potential guidance rollout<br><br>EOP email addresses, phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout and planning for stakeholder outreach. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 42. | Pages 268-270 | Email chain starting with an email dated 2/8/21 from the EOP Associate Director of Public Engagement to CDC CoS and ending 2/9/21 with an email from the CDC CoS | Discussion in the body of the email relating to school reopening and potential guidance rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding date of potential guidance rollout. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members. This would |

| | | to CDC Director's Executive Assistant | EOP email addresses, phone numbers | result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies.

Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 43. | Pages 271-272 | Email chain starting on 1/28/21 from CDC CoS to CDC Division Director and ending with an email on 1/29/21 from CDC CoS to CDC Division Director and CDC's Principal Deputy Incident Manager | Content in the body of emails that summarizes feedback from stakeholders, the edits made to the draft school guidance document, and discussion as to the next steps that should be completed prior to its release. | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of edits made to a draft during the decision-making process. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 44. | Pages 273-275 | Email chain starting on 2/11/21 from CDC Analyst to CDC Director of the Washington Office, et al., and ended on 2/12/21 with an email from the CDC Director of the Washington Office to Deputy Director of Washington office, et al. | Content in the body of the emails consists of a draft Capitol Hill announcement with edits

Internal conference line with passcode | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of edits made to a draft Capitol Hill announcement on school reopening. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.

Exemption (b)(6), Personal Privacy Interests: Release of phone number and passcode would be an unwarranted |

| | | | | invasion of privacy for future staff teleconferences and communications. |
|---|---|---|---|---|
| 45. | Pages 276-278 | Email chain starting on 2/11/21 from CDC Analyst to CDC Director of the Washington Office, et al., and ended on 2/12/21 with an email from the CDC Director of the Washington Office to CDC Deputy Director of the Washington Office, et al. | Content in the body of the emails consists of a draft Capitol Hill announcement with edits<br><br>Internal conference line with passcode | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of edits made to a draft Capitol Hill announcement on school reopening. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone number and passcode would be an unwarranted invasion of privacy for future staff teleconferences and communications. |
| 46. | Pages 287-288 | Email chain starting 2/20/21 from CDC Acting Associate Director for Communication to CDC Director, CoS, Principal Deputy Director and Division Director, and ending on 2/20/21 with an email from CDC Director to CDC Acting Associate Director for Communication, et al. | Content in the body of the email consists of thoughts and suggestions on a draft MMWR related to school and COVID-19. | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of thoughts and suggestions on a draft MMWR. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 47. | Pages 289-291 | Email chain starting on 1/22/21 from EOP Policy Advisor to a CDC Branch Chief, et al., and ending on 1/22/21 with an email from CDC CoS to CDC Branch Chief, et al. | Content in body of email discussing Department of Education COVID-19 response and planning for release and coordination of guidance package | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding Department of Education draft guidance and potential release dates and coordination of guidance package.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications |

|  |  |  | EOP email addresses and phone numbers | and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner on coordination of potential policies and review processes.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 48. | Pages 292-295 | Email chain starting 2/1/21 from CDC Acting Associate Director for Communication to CDC Director, and ending on 2/2/21 with an email from CDC Director to CDC CoS, et al. | Content in body of email consist of recommendations on remarks that should be given at an upcoming White House Governors meeting | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and recommendation for remarks that should be made during White House Governors meeting. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
| 49. | Pages 296-299 | Email chain starting 2/1/21 from CDC Acting Associate Director for Communication to CDC Director, and ending on 2/2/21 with an email from CDC CoS to a CDC Public Health Analyst | Content in body of email consist of recommendations on remarks that should be given at an upcoming White House Governors meeting | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and recommendation for remarks that should be made during White House Governors meeting. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |

| | | | | This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
|---|---|---|---|---|
| 50. | Pages 300-302 | Email chain starting on 2/18/21 from CDC Director of the Washington Office, and ending on 2/18/21 with an email from CDC Director to CDC Director of the Washington Office | Content in body of email consist of what should be included as a topic of conversation on a call with Senator Brown<br><br>Director's phone number | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of a recommendation for congressional relations. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies and relationships with government partners.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 51. | Pages 305-306 | Email chain starting on 2/7/21 from CDC CoS to CDC Director, and ending on 2/7/21 with an email from CDC CoS to CDC Director | Content in the body of the email consist of edits to a draft email and a personal comment from the Director | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of comments and opinions on a draft email.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |

| | | | | Exemption (b)(6), Personal Privacy Interests: Release of information could reasonably be expected to constitute an unwarranted invasion of personal privacy. Personal comment does not relate to Director's official duties and there is no public interest in its release. |
|---|---|---|---|---|
| 52. | Pages 307-308 | Email chain starting 2/5/21 from a CDC Analyst to the CDC Director and ending 2/6/21 with an email from CDC CoS to CDC Principal Deputy Director | Content in the body of the email contains list of priority items | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of priority list pertaining to agency priority items for discussion. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |
| 53. | Page 310 | Email chain starting on 2/12/21 from EOP Special Asst. to the President to EOP Policy Advisor, et al., and ending on 2/12/21 with an email from CDC Director Washington Office to EOP Special Asst. to the President | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 54. | Pages 313-314 | Email chain starting on 2/14/21 from CDC Division Director to CDC Acting Associate Director for Communication, et al., and ending on 2/14/21 with an email from CDC Director to CDC Acting Associate Director for Communication | Content in the body of the email consists of draft tweets undergoing clearance prior to being made public | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of draft tweets summarizing media interview given by the Director. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending |

|  |  |  |  | agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
|---|---|---|---|---|
| 55. | Pages 315-317 | Email chain starting on 2/10/21 from CDC Analyst to CDC Business Officer, cc'd Director of Washington Office, et al., and ending on 2/10/21 with an email from the CDC Director of the Washington Office to CDC Analyst | Content in the body of the email consists of proposed joint outreach plans for school guidance release | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations, recommendations, strategies, and planning for joint congressional outreach on safe school operating rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |
| 56. | Pages 318-321 | Email chain starting on 2/10/21 from CDC Analyst to Department of Education (ED) Legislative Director and ending on 2/11/21 with an email from the CDC Director of the Washington Office to CDC Analyst, et al. | Content in the body of the email consists of proposed joint outreach plans for school guidance release

Phone number of Legislative Director | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations, recommendations, strategies, and planning for joint congressional outreach on safe school operating rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |

|  |  |  |  | Exemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| --- | --- | --- | --- | --- |
| 57. | Pages 322-326 | Email chain starting on 2/10/21 from CDC analyst to ED Legislative Director and ending on 2/11/21 with an email from the CDC Director of the Washington Office to Deputy Director of the Washington Office, et al. | Content in the body of the email consists of proposed joint outreach plans for school guidance release<br><br>Phone number of Legislative Director | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for media and stakeholder communications and strategies and planning for congressional outreach on safe school operating rollout. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 58. | Pages 327-328 | Email chain starting on 2/1/21 from CDC Acting Associate Director for Communication to CDC Director and ending on 2/2/21 with an email from CDC Director to CDC Acting | Content in the body of the emails contains recommendations on remarks that should be given at an upcoming | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and recommendation for remarks that should be made during White House Governors meeting. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of |

| | | Associate Director for Communication | White House Governors meeting | policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
|---|---|---|---|---|
| 59. | Pages 331-332 | Email chain starting on 2/1/21 from CDC Acting Associate Director for Communication to CDC Director and ending on 2/2/21 with an email from CDC Director to CDC Acting Associate Director for Communication | Content in the body of emails consist of recommendations on remarks that should be given at an upcoming White House Governors meeting | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and recommendation for remarks that should be made during White House Governors meeting. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
| 60. | Pages 333-335 | Email chain starting on 2/1/21 from AFT Director to EOP Covid Response Team Testing Coordinator, et al., and ending 2/7/21 with an email from CDC CoS to CDC Director's Executive Assistant, et al. | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| 61. | Pages 336-338 | Email chain starting on 2/1/21 from AFT Director to EOP Covid Response Team Testing Coordinator, et al., and ending 2/7/21 with an email from CDC Director to CDC Director's Executive Assistant, et al. | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 62. | Pages 341-343 | Email chain starting on 2/14/21 from CDC Acting Associate Director for Communication to CDC Director and ending on 2/14/21 with an email from CDC Director to CDC Acting Associate Director for Communication | Content in the body of email consist of edits to draft tweets regarding school guidance. | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of draft tweets summarizing media interview given by the Director. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
| 63. | Pages 344-345 | Email chain starting on 1/28/21 from CDC CoS to CDC Director, et al., and ending on 1/30/21 with an email from CDC CoS to HHS CoS, et al. | Content in the body of the email consists of discussion on updates and edits to draft school guidance and planning for potential guidance rollout and when rollout might occur. | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussion regarding updates to draft guidance, planning for rollout of draft guidance, and potential dates for rollout of draft guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and |

|  |  |  |  | strategies for communicating and engaging with the public and interested parties on pending agency policies. In addition, release would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on considerations for inclusion in and specific presentation and language of policy guidance. |
|---|---|---|---|---|
| 64. | Pages 346-347 | Email chain starting on 2/2/21 from the NEA to EOP Policy Advisor for Testing in Covid-19 Response Team and ending on 2/3/21 with an email from CDC CoS to CDC Director | Content of email chain includes discussion of draft agenda items for meeting regarding draft school guidance<br><br>EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft agenda items used for meeting planning and potential guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 65. | Pages 349-351 | Email chain starting on 2/13/21 from CDC Deputy Chief to CDC Director and ending on 2/14/21 with an email from CDC Director to CDC Deputy Chief | Content in the body of the email contains preparation material for upcoming interviews on school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of updates to a memo and draft talking points for upcoming interviews. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability |

| | | | | of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 66. | Page 352 | Email chain starting on 1/31/21 from CDC Acting Associate Director for Communication to CDC Director and ending on 1/31/21 with an email from CDC CoS to CDC Acting Associate Director and CDC Director | Content in the body of the email contains discussion school guidance rollout, and content of a draft MMWR | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding the school rollout and a draft MMWR. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 67. | Pages 353-354 | Email chain starting on 2/18/21 from CDC Director to CDC Division Director et al., and ending on 2/21/21 with an email from CDC Director to CDC Division Director, et al. | Content in the body of the email contains summary and comments of a pending MMWR on schools and COVID-19, and discussion about the interpretation of data on schools and COVID-19 | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding a draft MMWR and interpreting data. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 68. | Page 355 | Email chain starting on 2/11/21 from CDC CoS to CDC Director and CDC Division Director and ending on 2/11/21 with an email from CDC CoS to CDC Director and CDC Division Director | Content in the body consists of edits to a document on school reopening | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist recommended changes to a draft document. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |

| 69. | Page 356 | Email chain beginning and ending on 2/20/21 with an email from Director of National Institute of Allergy and Infectious Diseases (NIAID) to CDC Director and ending with an email from CDC Director to NIAID Director | NIAID email addresses and phone numbers of high-ranking officials | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 70. | Pages 361-398 | Draft records attached to email sent on 2/11/2021 from CDC's Chief of Staff (CoS) To: HHS Chief of Staff for COVID Response, HHS Asst. Sec. for Preparedness and Response, Cc'd CDC Director, CDC Principal Deputy Director, Principal Deputy Incident Manager CDC COVID-19 Emergency Response, Incident Manager CDC COVID-19 Emergency Response | Draft copy of Science Brief: Transmission of SARS-CoV-2 in K-12 schools and draft copy of Guidance for Operating Childcare Programs during COVID-19 | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 71. | Page 399 | Email starting on 2/3/21 from CDC Acting Associate Director for Communication to CDC Director and ending on 2/4/21 with an email from CDC Director to Acting Associate Director for Communication | Withheld material consist of personal comment from the director | Exemption (b)(6), Personal Privacy Interests: Release of information could reasonably be expected to constitute an unwarranted invasion of personal privacy. Personal comment does not relate to Director's official duties and there is no public interest in its release. |

| 72. | Pages 402-403 | Email chain starting on 2/6/21 from CDC Division Director CDC Director and ending on 2/6/21 with an email from CDC Director to CDC Division Director | Contents of email chain consist of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.

Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 73. | Pages 404-406 | Email chain starting on 2/20/21 from Acting Associate Director for Communication to the CDC Director and ending on 2/21/21 with an email from the CDC Director to Acting Associate Director for Communication, et al. | Content in the body of the email consists of draft MMWR language, inquiries, and thoughts on a draft MMWR, and a WH press briefing script | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of edits to a script for an upcoming press brief. Release of draft scripts could lead to public confusion as to the agency's actual position. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for |

| | | | | communicating and engaging with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 74. | Page. 411 | Email on 2/11/21 from CDC CoS to CDC Director and Division Director | Content in the body consists of edits to a document on school reopening | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist recommended changes to a draft document. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |
| 75. | Page 412 | Email on 2/7/21 from CDC CoS to CDC IMAC Director | Content in the body of the email consist of edits to a draft email | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of comments and opinions on a draft email.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |
| 76. | Page 414 | Email on 2/18/21 from CDC Director Washington Office | Phone number | Exemption (b)(6), Personal Privacy Interests: Release of phone number could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

**Vaughn** *Index of Information Withheld/Redacted from* <mark>October 8, 2021</mark> *Release*

| | | | | |
|---|---|---|---|---|
| | | | **SUPPLEMENTAL RESPONSE** | |
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| 1. | Pages 1-2 | Email chain with attachment starting on 2/5/21 from EOP Covid Response Team Testing Coordinator to CDC Director, and ending on 2/7/21 with an email from CDC CoS to EOP Covid Response Team Testing Coordinator, et al. | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.  Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |

| 2 | Pages 3-20 | Attachment to email chain above dated February 5-7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 3. | Pages 21-23 | Email chain starting on 2/8/21 from HHS Policy Coordinator to CDC Public Health Analyst and ending on 2/9/21 with an email from HHS Policy Coordinator to CDC Public Health Analyst | Content in the body of the emails contains material related to CDC's clearance process for the school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of internal clearance processes and discussions about potential interagency coordination. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications |

| | | | | and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner on coordination of potential policies and process for reviewing those policies. |
|---|---|---|---|---|
| 4. | Pages 24-25 | Email dated 2/12/21 from CDC Acting Associate Director for Communication to CDC Director | Content in the body of email contains talking points on MMWR | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding talking points relating to a MMWR.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations and could potentially cause confusion regarding what information ultimately was shared by the CDC Director. |
| 5. | Pages 27-28 | Email chain starting on 1/29/21 from CDC Principal Deputy Director to CDC Division Director, and ending on 1/29/21 with an email from CDC Division Director to CDC Principal Deputy Director | Content in the body of emails that summarizes feedback from stakeholders, the edits made to the draft school guidance document | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of edits made to a draft during the decision-making process. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 6. | Pages 31-33 | Email chain starting on 2/10/21 from EOP Policy Advisor to EOP Covid Response Team Testing Coordinator, et al., and ending on 2/11/21 with an email from | Withheld material consists of EOP email addresses, phone numbers, meeting ID's, and passcodes for a conference call | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses, phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| | | CDC CoS to CDC Branch Chief | | |
|---|---|---|---|---|
| 7. | Pages 35-60 | Email chain starting on 2/7/21 from CDC Medical Officer to staff at John Hopkins University, cc'd CDC and HHS staff et al., and ending on 2/11/21 with an email from CDC Acting Associate Director for Communication to CDC Branch Chief | Content in the body of emails contains comments, timing of edits, opinions, updates, and recommendations on a draft fact sheet for school guidance in addition to draft sections of guidance<br><br>Cell phone numbers | Exemption (b)(5), Deliberative Process Privilege, Consultant Corollary: redacted materials consist of edits made to a draft during the decision-making process by a consultant.  Although discussion and material were submitted by non-agency personnel, it was a part of the agency's process of deliberation and qualifies as "intra-agency."  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of the agency to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of opinions, thoughts, recommendations, comments, highlighted material for further consideration, and edits made to a draft during the decision-making process.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of personal cell phone numbers could reasonably be expected to constitute an unwarranted invasion of |

| | | | | |
|---|---|---|---|---|
| | | | | personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 8. | Pages 61-89 | Email chain starting on 2/7/21 from CDC Medical Officer to staff at John Hopkins University, cc'd CDC and HHS staff et al., and ending on 2/11/21 with an email from CDC Brach Chief to CDC Acting Associate Director for Communication | Content in the body of emails contains comments, timing of edits, opinions, updates, and recommendations on a draft fact sheet for school guidance in addition to draft sections of guidance<br><br>Cell phone numbers | Exemption (b)(5), Deliberative Process Privilege, Consultant Corollary: redacted materials consist of edits made to a draft during the decision-making process by a consultant.  Although discussion and material were submitted by non-agency personnel, it was a part of the agency's process of deliberation and qualifies as "intra-agency."  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of the agency to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of opinions, thoughts, recommendations, comments, highlighted material for further consideration, and edits made to a draft during the decision-making process.   Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of personal cell phone numbers could reasonably be expected to constitute an unwarranted invasion of |

| | | | | personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 9. | Pages 91-117 | Email chain starting on 2/7/21 from CDC Medical Officer to staff at John Hopkins University, cc'd CDC and HHS staff et al., and ending on 2/11/21 with an email from CDC Brach Chief to CDC Acting Associate Director for Communication | Content in the body of emails contains comments, timing of edits, opinions, updates, and recommendations on a draft fact sheet for school guidance in addition to draft sections of guidance<br><br>Cell phone numbers | Exemption (b)(5), Deliberative Process Privilege, Consultant Corollary: redacted materials consist of edits made to a draft during the decision-making process by a consultant.  Although discussion and material were submitted by non-agency personnel, it was a part of the agency's process of deliberation and qualifies as "intra-agency."  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of the agency to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of opinions, thoughts, recommendations, comments, highlighted material for further consideration, and edits made to a draft during the decision-making process.   Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of personal cell phone numbers could reasonably be expected to constitute an unwarranted invasion of |

| | | | | |
|---|---|---|---|---|
| | | | | personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 10. | Pages 118-121 | Email chain starting on 2/16/21 from the NEA to CDC Acting Associate Director for Communication and ending on 2/17/21 with an email from CDC Press Officer to CDC Acting Associate Director for Communication, et al. | Content in the body of emails contains proposed answers to incoming inquiries.<br><br>NEA phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and draft remarks in response to inquiries. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of personal cell phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance. |
| 11. | Pages 123-125 | Draft records attached to email sent on 2/7/21 from CDC Division Director to CDC Director | Draft K-12 operational strategy fact sheet | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |

| | | | | Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 12. | Pages 127-128 | Draft records attached to email sent on 2/7/21 from CDC Division Director to CDC Director | Draft K-12 operation strategy fact sheet | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.  Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 13. | Pages 203-206 | Email with attachment sent on 2/8/21 from CDC Acting Associate Director for Communication to CDC Deputy Director of Washington Office, et al. | Content in the body of the email contains tentative plan for school reopening rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of internal plans related to school rollout, and the draft document.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a |

| | | | Draft School Reopening Rollout | chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 14. | Pages 208-210 | Draft records attached to email sent on 2/11/21 from CDC Acting Associate Director for Communication to CDC Director, CDC CoS, and CDC Principal Deputy Director | Draft press release for school reopening rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release of draft scripts could lead to public confusion as to the agency's actual position. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 15. | Pages 211-213 | Draft records attached to email sent on 2/10/21 from ED Deputy Asst. Sec. for Communications to CDC Acting Associate Director for Communication and HHS Deputy Asst. Sec. for Public Affairs | Draft press release | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a draft script for an upcoming press brief. Release of draft scripts could lead to public confusion as to the agency's actual position. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 16. | Pages 216-236 | Draft records attached to email sent on 2/3/21 from CDC CoS to CDC Division Director | Draft PowerPoint slides on K-12 School Operational Strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a pre-decisional and deliberative draft document reflecting development of school opening guidance, including process undertaken and changes made |

| | | | | in response to recommendations and stakeholder engagement.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 17. | Pages 237-307 | Email with attachment starting on 1/31/21 from CDC Branch Chief to CDC Division Director and ending on 2/1/21 with an email from CDC Division Director to CDC CoS | Content in the body of email discussing edits made to the draft.<br><br>Draft K-12 schools operation strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of comments on and updates to draft documents and pre-decisional draft documents with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 18. | Pages 308-310 | Email chain with attachment starting on 2/5/21 from EOP Covid Response Team Testing Coordinator to CDC Director and ending on 2/7/21 with an email from CDC Division Director to CDC Acting Associate Director for Communication | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of |

| | | | | preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 19. | Pages 311-328 | Attachment to email chain above dated February 5-7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.  Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |

| 20. | Pages 330-331 | Draft records attached to email sent on 2/7/21 from CDC Division Director to CDC Acting Associate Director for Communication | Draft K-12 Operation Strategy fact sheet | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 21. | Pages 332-358 | Email chain with attachment starting on 1/27/21 from CDC Branch Chief to CDC Principal Deputy Incident Manager, et al., and ending on 1/27/21 with an email from CDC Division Director to CDC Principal Deputy Director | Content in the body of the email discussing the main changes to the guidance<br><br>Draft K-12 Schools Operation Strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the  deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 22. | Page 359 | Email chain with attachment starting on 2/7/21 from ED | Content of email chain includes comments and | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding |

| | | Deputy Asst. Sec. for Communications to EOP Director of Strategic Communications and Engagement, Covid-19 Response Team, et al., and ending on 2/8/21 with an email from CDC Acting Associate Director for Communication to CDC Branch Chief, et al. | commentary for consideration on draft of messaging and planning for rollout of school reopening guidance | comments and commentary for consideration on draft of messaging and planning for rollout of school reopening guidance. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |
|---|---|---|---|---|
| 23. | Pages 360-366 | Attachments to February 7-8, 2021 email chain above | Draft rollout documents for Department of Education school reopening and CDC school reopening, including draft talking points, question and answer, goals, strategies, messaging, and communications strategies | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft documents including comment bubbles with recommendations, redlined material, and highlighted material for consideration. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |
| 24. | Page 367 | Email with attachment starting on 2/7/21 from ED Deputy Asst. Sec. for Communications to EOP Director of Strategic Communications and Engagement, Covid-19 Response Team, et al., and | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| | | ending on 2/8/21 with an email from HHS CoS to CDC Acting Associate Director for Communication | | |
|---|---|---|---|---|
| 25. | Pages 368-371 | Attachment to February 7-8, 2021 email above | Draft document on messaging for school reopening rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft documents including comment bubbles with recommendations, redlined material, talking points, and highlighted material for consideration.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |
| 26. | Pages 372-373 | Email chain with attachment starting on 2/10/21 from EOP Policy Advisor to EOP Covid Response Team Testing Coordinator, et al., and ending on 2/11/21 with an email from CDC CoS to CDC Director of the Washington office, CDC Acting Associate Director for Communication, and HHS CoS | Content in body of the email contains EOP phone numbers, meeting codes, and passcodes for an upcoming meeting | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses, phone numbers, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 27. | Pages 374-405 | Attachment to February 10-11, 2021 email above | Draft K-12 Schools Operational Strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release |

| | | | | would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 28. | Pages 407-408 | Draft records attached to email sent on 2/11/21 from CDC Acting Associate Direct for Communications to HHS CoS | Draft of fact sheet for the K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 29. | Pages 410-434 | Draft records attached to email sent on 2/11/21 from CDC Public Health Analyst to CDC Director of Washington Office, et al | Draft document on the mini-rollout for K-12 school reopening | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 30. | Pages 435-439 | Email chain with attachment starting on 2/11/21 from CDC Public Health Analyst to CDC Lead Health Communications Specialist, et al., and ending on 2/11/21 with an email from CDC Public Health Analyst to | Content in the body of the email contains discussion on material relating to school reopening | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist discussion on school reopening and draft records with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a |

| | | CDC Director of Washington Office | Draft document relating to school opening rollout | chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 31. | Pages 440-472 | Email chain with attachment starting on 2/1/21 with an email from CDC CoS to HHS Asst. Sec. for Preparedness and Response, cc'd CDC Director, et al., and ending on 2/3/21 with an email from CDC CoS to HHS CoS | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document and deliberations over how to proceed with review.

Draft of K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of comments, updates, suggestions, and edits regarding draft operational strategy in addition to deliberations over how to proceed with review and pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 32. | Pages 473-502 | Email chain with attachment stating on 2/10/21 from CDC Director Washington Office to CDC CoS and ending on 2/11/21 with a forwarded email to CDC Deputy Director of Washington Office, et al. | Content in the body of the email contains deliberations on questions, considerations, and planning for tentative schedule for congressional outreach on school guidance rollout

Draft summary, talking points, and questions and answers for tentative outreach on K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations, recommendations, strategies, and planning for congressional outreach on school guidance rollout, in addition to pre-decisional and deliberative draft talking points, questions and answers, and summary language for potential use in tentative outreach.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |

| 33. | Pages 503-516 | Email chain with attachment starting on 2/10/21 from CDC Acting Associate Direct for Communications to CDC Director Washington Office and ending on 2/11/12 with forwarded email to Deputy Director of the Washington Office, et al | Content in the body of the email contains deliberations on questions, considerations, and planning for tentative schedule for congressional outreach on school guidance rollout<br><br>Draft summary, talking points, and questions and answers for tentative outreach on K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations, recommendations, strategies, and planning for congressional outreach on school guidance rollout, in addition to pre-decisional and deliberative draft talking points, questions and answers, and summary language for potential use in tentative outreach.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of strategies for communicating with the public and interested parties on pending agency policies. |
| 34. | Pages 517-518 | Email chain with attachment starting on 2/7/21 from EOP Covid Response Team Testing Coordinator to CDC Director and ending on 2/7/21 with an email from CDC Division Director to CDC Director | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal |

| | | | | discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 35. | Pages 519-536 | Attachment to email chain above dated February 5-7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 36. | Pages 537-634 | Email chain with attachment starting on 2/5/21 from CDC Branch Chief to CDC Division Director and ending on 2/6/21 with an email from CDC Division Director to | Content in the body of emails contains edits, opinions, and recommendations to the draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of suggestions, comments, considerations, and updates on draft operational strategy and includes pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would |

| | | CDC Principal Deputy Director | Draft documents of the K-12 operational strategy | compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 37. | Pages 635-675 | Draft records attached to email sent on 2/6/21 from CDC Division Director to CDC Director | Draft documents of the K-12 operational strategy and schools science brief | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 38. | Pages 676-707 | Email chain with attachment starting on 2/1/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response and ending on 2/2/21 with an email from CDC CoS to CDC Branch Chief, et al. | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document and deliberations over how to proceed with review.  Draft of K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of comments, updates, suggestions, and edits regarding draft operational strategy in addition to deliberations over how to proceed with review and pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 39. | Pages 708-711 | Email chain starting on 2/18/21 from CDC Principal | Content in the body of the email contains | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative |

| | | Deputy Incident Manager to HHS CoS et al., and ending on 2/18/21 with an email from CDC Cos to CDC Principal Deputy Director | discussion on planning, questions, thoughts, comments, and feedback from agency partners on draft guidance and documents for potential posting on the agency website | discussions regarding planning, questions, thoughts, comments, and feedback on draft guidance and documents for potential posting on the agency website.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |
| 40. | Pages 712-713 | Email chain starting on 2/18/21 from CDC Principal Deputy Incident Manager to HHS CoS et al., and ending on 2/18/21 with an email from CDC CoS to CDC Principal Deputy Director | Content in the body of the email contains discussion on planning, questions, thoughts, comments, and feedback from agency partners on draft guidance and documents for potential posting on the agency website | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding planning, questions, thoughts, comments, and feedback on draft guidance and documents for potential posting on the agency website.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |
| 41. | Pages 714-716 | Email chain starting on 2/5/21 from CDC Branch Chief to CDC Division Director and ending on 2/6/21 with an email from CDC Division | Content in the body of emails contains edits, opinions, and recommendations to the draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions made during the decision-making process as to what should or should not be included in the K-12 operational strategy.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions |

| | | Director to CDC Principal Deputy Director | | on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 42. | Page 717 | Email starting on 2/6/21 from CDC Division Director to CDC Director and ending on 2/6/21 with an email from CDC Division Director to CDC Director | Content in the body of emails contains discussion on considerations and questions relating to draft operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions made during the decision-making process as to considerations, questions, topics, regarding the K-12 operational strategy.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 43. | Pages 718-719 | Email starting on 2/6/21 from CDC Division Director to CDC Director and ending on 2/6/21 with an email from CDC Division Director to CDC Director | Contents of email chain consist of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration. Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business |

| | | | | and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 44. | Page 720 | Email starting on 2/6/21 from CDC Division Director to CDC Director and ending on 2/6/21 with an email from CDC Director to CDC Division Director | Contents of email chain consist of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on materials needed to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 45. | Pages 721-787 | Email chain with attachment starting on 2/1/21 with an email from CDC CoS to HHS Asst. Sec. for Preparedness and Response and ending on 2/2/21 with an email from CDC Branch Chief to CDC Division Director, CDC CoS, et al. | Content in the body of emails contains edits, opinions, and recommendations on the draft K-12 operational strategy and deliberations about how to proceed with review<br><br>Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of comments, suggestions, thoughts, edits and updates to draft documents and deliberations about how to proceed with review, in addition to pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and |

| | | | | hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 46. | Page 788 | Email chain starting on 2/1/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response and ending on 2/2/21 with an email from CDC Director to CDC CoS and HHS Asst. Sec. for Preparedness and Response | Content in the body of the email contains discussion on new issues that need to be addressed and discussion on edits made to K-12 schools operational strategy document and deliberations about how to proceed with review | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of comments, suggestions, thoughts, edits, and updates to the draft K-12 operational strategy, as well as deliberations about how to proceed with review. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 47. | Page 789 | Email chain starting on 2/6/21 from CDC Division Director to CDC Director and ending on 2/6/21 with an email from CDC CoS to CDC Division Director | Contents of email chain consist of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on materials needed to brief the President. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President. Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business |

| | | | | and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 48. | Pages 790-824 | Email chain with attachment starting on 2/1/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response and ending on 2/2/21 with an email from CDC CoS to CDC Branch Chief, CDC Director et al. | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document and deliberations about how to proceed with review

Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussion on comments, suggestions, thoughts, edits and updates to the draft K-12 operational strategy and how to proceed with review, in addition to pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 49. | Page 825 | Email chain stating on 2/6/21 from CDC Division Director to CDC Director and ending on 2/7/21 with an email from CDC Director to CDC Division Director and CDC CoS | Contents of email chain consist of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on materials needed to brief the President. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.

Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President. Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business |

| | | | | |
|---|---|---|---|---|
| | | | | and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 50. | Pages 826-831 | Email chain with attachment starting on 2/1/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response and ending on 2/2/21 with an email from CDC Branch Chief to CoS to CDC Director et al. | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document and deliberations regarding review process | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions on comments, suggestions, thoughts, edits and updates to the draft K-12 operational strategy and deliberations about review processes. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 51. | Pages 832-838 | Email chain with attachment starting on 2/12/21 from CDC Director to CDC Acting Associate Director for Communication and ending on 2/12/21 with an email from CDC Acting Associate Director for Communication to CDC Director | Content in the body of the email contains a list of draft points for potential inclusion in a press briefing script<br><br>Draft Press Script | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of talking points and a draft script for an upcoming press brief. Release of draft scripts could lead to public confusion as to the agency's actual position. The release of these records would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 52. | Pages 839-865 | Email chain with attachment starting on 1/29/21 from CDC Principal Deputy Director to CDC Division Director and ending on 1/29/21 with an | Content in the body of the email contains list of edits made to K-12 schools operational strategy document | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussion on edits made during the decision-making process for the K-12 operational strategy and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. |

| | | email from CDC Principal Deputy Director to CDC Director | Draft K-12 operational strategy | Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 53. | Pages 866-869 | Email chain starting on 2/1/21 from CDC CoS to EOP Covid Response Team Testing Coordinator and CDC Director, et al., and ending on 2/2/21 with an email from CDC CoS to EOP Covid Response Team Testing Coordinator and CDC Division Director, et. al | Contents of email chain include discussions and deliberations on strategy, recommendations, and considerations for partner outreach related to schools guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of strategy, recommendations, and considerations for partner outreach related to schools guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on how and with whom to communicate, strategies for communicating with potential agency partners, and considerations of what information to communicate to potential agency partners in service of collecting input for the development and issuance of policy guidance. |
| 54. | Pages 874 | Email chain with attachment starting on 2/6/21 from CDC CoS to CDC Division Director et al., and ending on 2/7/21 with an email from CDC Division Director to CDC CoS et al. | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration. |

| | | | | Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 55. | Pages 875-892 | Attachment to email chain above dated February 6-7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations. |
| | | | | Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |

| 56. | Pages 893-894 | Email chain starting on 2/16/21 from Deputy Communications Director for the Vice President to Special Asst. to the President and ending on 2/16/21 with an email from EOP Director of Strategic Communications and Engagement to CDC Acting Associate Director for Communication | Discussion of and request for draft questions and answers and talking points from Office of the Vice President | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of information for inclusion in draft questions and answers and talking points for Office of the Vice President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of communicating with the public on agency policies and confusion regarding what information was ultimately shared by the Office of the Vice President. |
| --- | --- | --- | --- | --- |
| 57. | Pages 895-900 | Email chain with attachment starting on 2/11/21 from CDC Deputy Director to CDC Acting Associate Director for Communication et al., and ending 2/12/21 with an email from a CDC analyst to CDC Acting Associate Director for Communication et al. | Content in the body of the email contains discussion on edits and talking points for an upcoming media briefing<br><br>Draft K-12 operational strategy fact sheet | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions about content for an upcoming media brief and a draft K-12 operational strategy fact sheet.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 58. | Page 901 | Email chain with attachment starting on 2/7/21 from Counselor to the President to CDC Director and ending on 2/7/21 with an email from CDC Director to Counselor to the President | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials |

| | | | | to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 59. | Pages 902-921 | Attachment to email chain above dated February 7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points, draft summary information, and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the |

| | | | | President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 60. | Page 922 | Email chain with attachment starting on 2/7/21 from Counselor to the President to CDC Director and ending on 2/7/21 with an email from CDC CoS to CDC Director | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.

Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 61. | Pages 923-942 | Attachment to email chain above dated February 7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points, draft summary information, and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for |

| | | | | inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|-----|-----|-----|-----|-----|
| 62. | Pages 943-981 | Email chain with attachment starting no 2/12/21 from CDC Acting Associate Director for Communication to CDC Branch Chief et al., and ending on 2/12/21 with an email from CDC Branch Chief to CDC Acting Associate Director for Communication et al. | Content in the body of email contains comment on edits to K-12 operational strategy<br><br>Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussion on edits made during the decision-making process for the K-12 operational strategy and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 63. | Pages 982-984 | Email chain starting on 2/1/21 from CDC Division Director to CDC Director and ending on 2/1/21 with an email from CDC Director to CDC CoS and CDC Division Director | Contents of email chain include discussions and deliberations on strategy, recommendations, and considerations for partner outreach related to schools guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of strategy, recommendations, and considerations for partner outreach related to schools guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a |

| | | | | chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on how and with whom to communicate, strategies for communicating with potential agency partners, and considerations of what information to communicate to potential agency partners in service of collecting input for the development and issuance of policy guidance. |
|---|---|---|---|---|
| 64. | Pages 985-988 | Email chain starting on 2/11/21 from CDC Deputy Director to CDC Branch Chief et al., and ending on 2/12/21 with an email from CDC Deputy Director to CDC Public Health Analyst, cc'd CDC Director of Washington Office et al., | Content of email chain includes comments and commentary for consideration on draft of messaging and planning for rollout of school reopening guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding comments and commentary for consideration on draft of messaging and planning for rollout of school reopening guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |
| 65. | Pages 990-993 | Draft press script attached to email sent on 2/12/21 from Acting Associate Director for Communication to CDC Deputy Director, et al. | Draft script for press briefing on operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of draft press script with comment bubbles recommending changes, notes, and highlighted text.  Release of draft scripts could lead to public confusion as to the agency's actual position. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and |

| | | | | strategies for communicating and engaging with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 66. | Pages 994-997 | Email chain with attachment starting on 2/11/21 from CDC Public Health Analyst to CDC Deputy Director et al., and ending on 2/11/21 with an email from Acting Associate Director for Communication to CDC Deputy Director et al. | Content in the body of the email contains discussion on upcoming press briefing<br><br>Draft press release | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of draft press script with comment bubbles recommending changes, notes, and highlighted text.  Release of draft scripts could lead to public confusion as to the agency's actual position. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 67. | Pages 998-1003 | Email chain with attachment starting on 2/11/21 from CDC Deputy Director to CDC Public Affairs Specialist and CDC Director Washington Office et al., and ending on 2/12/21 with an email from CDC Deputy Director to CDC Branch Chief et al. | Content of email chain includes comments and commentary for consideration on draft of messaging and planning for rollout of school reopening guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding comments and commentary for consideration on draft of messaging and planning for rollout of school reopening guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |
| 68. | Pages 1004-1009 | Email chain with attachment starting on 2/11/21 from ED Deputy Asst. Sec. for Communications to CDC | Content in the body of the email contains discussion on the cohesiveness of | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions on school reopening rollout and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. |

| | | Acting Associate Director for Communication et al., and ending on 2/12/21 with and email form ED Deputy Asst. Sec for Communications to CDC Acting Associate Director for Communication et al. | responses from ED and CDC for a Q&A around school reopening rollout<br><br>Draft messaging for school reopening rollout | Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner to create policy. |
|---|---|---|---|---|
| 69. | Pages 1010-1011 | Email chain starting on 2/1/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response, and ending with 2/2/21 with an email from CDC Director to CDC CoS | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document and deliberations on review process | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions on comments, suggestions, thoughts, edits and updates to the draft K-12 operational strategy and deliberations on process for review. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 70. | Pages 1012-1016 | Email chain starting on 2/5/21 from EOP Digital Director to ED Deputy Asst. Sec. for Communications et al., and ending with an email on 2/8/21 with an email from CDC Acting Associate Director for Communication to CDC Branch Chief et al. | Contents of email chain include deliberations, opinions, and discussions on planning, coordination, and strategy for rollout of guidance from CDC and Department of Education<br><br>EOP email addresses and phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional deliberations, discussions, opinions, and planning regarding strategy and coordination of potential guidance rollout. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |

| | | | | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 71. | Pages 1017-1018 | Email chain with attachment starting on 2/5/21 from EOP Covid Response Team Testing Coordinator to CDC Director and ending on 2/7/21 with an email from CDC Director to CDC Division Director | Contents of email chain consist of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 72. | Pages 1019-1036 | Attachment to email chain above dated February 5-7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank |

| | | | | discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 73. | Pages 1043-1077 | Draft records attached to email sent on 2/12/21 from CDC Branch Chief to CDC Acting Associate Director for Communication et al. | Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 74. | Pages 1078-1107 | Email chain with attachment starting on 1/29/21 from CDC Director of National Center for Immunization and Respiratory Diseases | Content in the body of the email contains discussion on edits made to K-12 schools | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussion on edits made during the decision-making process for the K-12 operational strategy and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. |

| | | (NCIRD) to CDC CoS and ending on 1/29/21 with an email from CDC Division Director to CDC Director et al. | operational strategy document<br><br>Draft K-12 schools operational strategy | Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 75. | Pages 1108-1111 | Email chain with attachment starting on 2/10/21 with an email from EOP Deputy Communications Director to CDC Acting Associate Director for Communication et al., and ending on 2/11/21 with an email from EOP Deputy Communications Director to ED Asst. Sec. for Communications, CDC Acting Associate Director for Communication et al. | Contents of email chain include discussion of opinions about, and recommendations for planning, strategy, and coordination of school reopening guidance rollout between CDC and Department of Education<br><br>EOP email addresses and phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional deliberations discussing, opining on, and recommending plans, strategy, and coordination of school reopening guidance rollout between CDC and Department of Education.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 76. | Pages 1112-1115 | Attachment to email chain above dated February 10-11, 2021 | Draft copy of rollout documents for Department of Education school reopening and | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft documents reflecting comment bubbles with recommendations, redlined draft language, and |

| | | | CDC school reopening, including draft talking points and draft questions and answers | highlighted material for further consideration.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations. |
|---|---|---|---|---|
| 77. | Pages 1116-1119 | Email chain with attachment starting on 2/10/21 with an email from EOP Deputy Communications Director to CDC Acting Associate Director for Communication et al., and ending 2/10/21 with an email from ED Asst. Sec. for Communications to CDC Acting Associate Director for Communication et al. | Contents of email chain include discussion of opinions about, and recommendations for planning, strategy, and coordination of school reopening guidance rollout between CDC and Department of Education<br><br>EOP email addresses and phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional deliberations discussing, opining on, and recommending plans, strategy, and coordination of school reopening guidance rollout between CDC and Department of Education.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| 78. | Pages 1120-1123 | Attachment to email chain above dated February 10-11, 2021 | Draft copy of rollout documents for Department of Education school reopening and CDC school reopening, including draft talking points and draft questions and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft documents reflecting comment bubbles with recommendations, redlined draft language, and highlighted material for further consideration.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations. |
|---|---|---|---|---|
| 79. | Pages 1124-1135 | Email with attachment on 2/12/21 from CDC Acting Associate Director for Communication to HHS Deputy Asst. Sec. for Public Affairs and ED Asst. Sec. for Communications | Content in body of the email contains discussion on a Q&A pertaining to the rollout plan<br><br>Draft Q&A from rollout plan | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of information for inclusion in draft questions and answers document from the rollout plan. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner to create policy. |
| 80. | Pages 1136-1201 | Email chain with attachment starting on 2/1/21 with an email from CDC CoS to HHS Asst Sec for Preparedness and Response, cc'd CDC Director, et al., and ending on 2/2/21 with an email from CDC CoS to HHS CoS | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions on comments, suggestions, thoughts, edits and updates to the draft K-12 operational strategy and processes for review, as well as and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. |

| | | | Draft of K-12 schools operational strategy and processes for review | This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 81. | Pages 1202-1272 | Email with attachment sent on 2/1/21 from CDC CoS to HHS Asst Sec for Preparedness and Response, cc'd CDC Director, et al. | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document and processes for review<br><br>Draft of K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions on comments, suggestions, thoughts, edits and updates to the K-12 operational strategy and draft and processes for review, as well as and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 82. | Pages 1273 | Email chain with attachment starting on 2/7/21 from CDC Branch Chief to CDC Division Director et al., and ending on 2/8/21 with an email from CDC Division Director to CDC Director | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President. Redacted |

| | | | | material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 83 | Pages 1274-1291 | Attachment to email chain above dated February 7-8, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text.  Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |

**American Public Trust v. HHS**
**Case No. 21-cv-02834**

**Vaughn** *Index of Information Withheld/Redacted from* ==*November 29, 2021*== *Release*

| | | | | |
|---|---|---|---|---|
| **Final Release Part 1 (535 pages)** | | | | |
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| 1. | Pages 1-2 | Email sent on 2/3/21 from CDC Acting Associate Director for Communication to CDC Director | Content in the body of the email contains talking points for an upcoming interview | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of language that could be used in talking points for upcoming interview between the CDC Director and MSNBC. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on decision-making and policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of communicating and engaging with the public. |
| 2. | Pages 3-34 | Email with attachment sent on 2/11/21 from HHS Deputy Asst. Sec. to HHS CoS, CDC CoS, and HHS Asst. Sec. for Preparedness and Response | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits made to guidance, and pre-decisional and deliberative draft materials, including comment bubbles recommending changes. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency |

| | | | Draft of K-12 schools operational strategy | communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 3. | Pages 35-36 | Email chain with attachment starting on 2/8/21 from EOP Covid Response Team Testing Coordinator to CDC CoS et al., and ending on 2/8/21 with an email from CDC CoS to EOP Covid Response Team Testing Coordinator, CDC Director et al. | Content of email chain consists of discussion of preparation and staging of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing, staging, and logistics of materials to brief the President. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing, staging, and logistics of materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 4. | Pages 37-51 | Attachment to email chain above dated February 8, 2021 | Draft materials for briefing President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative briefing materials, including draft presentation.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations. |

| | | | | Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including a draft presentation.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 5. | Pages 57-132 | Draft records attached to email sent on 1/27/21 from CDC CoS to HHS CoS | Drafts of phased mitigation and school operational plan documents | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 6. | Page 133 | Email with attachment sent on 2/19/21 from CDC Deputy Director of Washington Office to HHS Legislative Analyst et al., CC'd Director of Washington Office et al. | Content in email contains suggestion for congressional committee briefing regarding school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of discussion about a suggestion to Energy and Commerce Committee.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 7. | Pages 139-140 | Email chain starting on 1/29/21 from CDC Director of NCIRD to CDC CoS and ending on 1/29/21 with an | Content in the body of the email contains discussion on proposed responses to questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of proposed answers to questions on school reopening guidance.  The release of this internal information would compromise the deliberative process of |

| | | email from CDC Branch Chief to Engagement to CDC Acting Associate Director for Communication | relating to school reopening | the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 8. | Pages 141-163 | Email chain with attachment starting on 1/23/21 from CDC CoS to CDC Director et al., and ending on 1/25/21 from CDC CoS to CDC Principal Deputy Incident Manager | Content in the body of the emails contains discussion on edits to draft guidance, and when the guidance should be released  Draft K-12 school operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations. |
| 9. | Pages 168-198 | Records attached to email sent on 2/10/21 from HHS Asst. Sec. for Preparedness and Response to CDC CoS. | Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations. |
| 10. | Pages 200-203 | Records attached to email sent on 2/12/21 to CDC Director | Draft press release | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a draft script, including comment bubbles recommending changes, for an upcoming press brief. Release of draft scripts could lead to public |

| | | | | confusion as to the agency's actual position. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 11. | Page 204 | Email sent on 2/11/21 from CDC CoS to CDC Director and CDC Division Director | Content in the body of an email contains a list of edits to school guidance document | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of edits that need to be made to the school guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 12. | Pages 206-245 | Records attached to email sent on 1/21/21 from CDC CoS to Executive Assistant to the Director | Draft school reopening guidance outline | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials for upcoming briefings and meetings.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 13. | Pages 246-247 | Email sent on 2/7/21 from CDC Director to CDC CoS and CDC Division Director | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials and suggested content of materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff |

| | | | | members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials and suggested content of materials to brief the President. Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 14. | Pages 248-252 | Email with attachment sent on 2/11/21 from CDC Acting Associate Director for Communication to CDC Lead Health Communications Specialist et al. | Content in the body of the emails contains discussion relating edits needing to be made to the White House covid press briefing<br><br>Draft White House covid press briefing remarks | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of portions of a draft script, including highlighted parts that need to be edited for an upcoming press brief. Release of draft scripts could lead to public confusion as to the agency's actual position. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |
| 15. | Pages 253-263 | Email chain with attachment starting on 2/12/21 from CDC Acting Associate Director for Communication to CDC Director and ending on 2/12/21 with an email from | Content in the body of the emails contains discussion relating edits needing to be made to the White House covid press briefing | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts on briefing materials with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of |

| | | CDC CoS to CDC Director Washington Office | Draft White House covid press briefing remarks | policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 16. | Pages 264-294 | Email chain with attachment starting on 1/19/21 from CDC Branch Chief to CDC functional clearance mailbox and ending on 1/23/21 with an email from CDC clearance mailbox to CDC Acting Associate Director for Communication, et al. | Content in the emails discussing the internal clearance process, and incorporating changes from clearance on K-12 schools operational strategy\n\nDraft K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 17. | Pages 295-362 | Email chain with attachment starting 2/11/21 from CDC Public Health Analyst to CDC Branch Chief et.al and ending on 2/11/21 with an email from Deputy Director of IMAC to CDC CoS et al. | Content in the body of the email contains comments and edits from reviewers of the K-12 operational strategy\n\nDrafts of K-12 Schools Operational strategy\n\nCell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies.\n\nExemption (b)(6), Personal Privacy Interests: Release of phone numbers could reasonably be expected to constitute |

| | | | | an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 18. | Pages 364-377 | Records attached to email sent on 2/13/21 from CDC Deputy Chief to CDC Director | Draft briefing and preparation material for upcoming interviews on school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of updates to a memo and draft talking points for upcoming interviews. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 19. | Pages 378-380 | Email chain with attachment starting on 2/5/21 from EOP Covid Response Team Testing Coordinator to CDC Director and ending on 2/7/21 with an email from CDC Division Director to CDC Acting Associate Director for Communication | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |

| 20. | Pages 381-398 | Attachment to email chain above dated February 5-7, 2021 | Draft materials for briefing President on school opening questions, including draft talking points and draft question and answers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including redlined material, comment bubbles recommending changes, and highlighted text. Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|-----|---------------|---------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 21. | Pages 399-468 | Email with attachment sent on 2/11/21 from Principal Deputy Incident Manager to CDC CoS | Content in the body of the email contains discussion on what should and should not be posted as well as additional changes that are needed for school guidance documents<br><br>Draft school guidance documents | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist deliberative discussion relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and |

| | | | | strategies for communicating and engaging with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 22. | Pages 469-471 | Email sent on 2/12/21 from CDC Public Health Analyst with CDC Director of Washington Office cc'd. | Internal conference line with passcode for Capitol Hill announcement | Exemption (b)(6), Personal Privacy Interests: Release of phone number and passcode would be an unwarranted invasion of privacy for future staff teleconferences and communications and would subject personnel to harassment and annoyance in conducting their official duties. |
| 23. | Pages 477-478 | Email chain starting on 1/26/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response, et al., and ending on 1/26/21 with an email from CDC Principal Deputy Director to CDC Public Health Analyst | Summaries and titles of various documents to be discussed at a school guidance and phased mitigation prep meeting between CDC and HHS | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a list of pre-decisional documents and a summary of what the documents contain or should contain. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy. |
| 24. | Pages 480-482 | Records attached to email sent on 2/7/21 from HHS Deputy Asst. Sec. for Public Affairs to CDC Acting Associate Director for Communication et al. | Draft school opening rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of draft school reopening rollout that contains comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 25. | Pages 484-486 | Records attached to email chain starting on 2/5/21 from CDC Acting Associate Director for Communication to HHS CoS and ending on 2/7/21 with an email from HHS CoS to CDC Acting | Draft school opening rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of draft school reopening rollout that contains comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the |

| | | Associate Director for Communication et al. | | ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 26. | Pages 498-535 | Records attached to email sent on 2/9/21 from CDC Public Health Analyst to CDC Director of Washington Office | Draft schools science brief and K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |

| Final Release Parts 2 & 3 (1132 pages) | | | | |
|---|---|---|---|---|
| 27. | Pages 2-4 | Records attached to email sent on 2/12/21 from CDC CoS to CDC Director | Education guidance rollout document contained talking points for CDC Director and congressional committee members | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative talking points.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 28. | Pages 6-7 | Email chain with attachment starting on 2/10/21 from EOP Policy Advisor to CDC CoS et al., and ending on 2/11/21 with an email from CDC CoS to CDC Acting Associate Director for Communication et al. | EOP email addresses, phone numbers and passcodes for a zoom meeting | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and passwords could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 29. | Pages 8-39 | Attachment to email chain above dated 2/10/21 to 2/11/21 | Draft K-12 operation strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 30. | Pages 41-42 | Records attached to email sent on 2/11/21 from CDC Acting Associate Director for Communication to HHS | Draft K-12 operational strategy fact sheet | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff |

| | | Deputy Asst. Sec. for Public Affairs | | members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 31. | Pages 44-75 | Records attached to email sent on 2/11/21 from CDC Division Director to CDC CoS | Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 32. | Pages 76-113 | Email chain with attachment starting on 2/10/21 from CDC Division Director to CDC Director, and ending on 2/11/21 with an email from CDC Division Director to CDC Director | Content in the body of the email discussing edits made to k-12 operational strategy<br><br>Draft K-12 operational strategy and draft response to follow up questions from the White House | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits relating to school guidance, and pre-decisional drafts and comments recommending changes, and highlighted text.  Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy between staff.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 33. | Page 114 | Email sent 2/4/21 from CDC Acting Associate Director for Communication to CDC Director | Content in the body of the email contains draft response to a question from CNN | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of a proposed answer to a question on school reopening guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and |

| | | | | |
|---|---|---|---|---|
| | | | | strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 34. | Pages 115-116 | Email sent on 2/4/21 to CDC Director | Content in the body of the email contains draft responses to questions from the press | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of proposed answers to questions on school reopening guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 35. | Pages 118-149 | Records attached to email sent on 2/11/21 from CDC CoS to CDC Director, et al. | Draft K-12 operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 36. | Pages 151-181 | Records attached to email sent on 2/12/21 from CDC Acting Associate Director for Communication to HHS CoS et al. | Draft K-12 operations strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 37. | Pages 183-184 | Records attached to email sent on 2/12/21 from CDC CoS to CDC Director | Talking points for school rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative talking points for upcoming briefings by the Director.  Release |

| | | | | would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 38. | Page 185 | Email with attachment dated 2/8/21 from CDC Division Director to CDC Director with copy to CDC Principal Deputy Director and CDC CoS | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 39. | Pages 186-200 | Attachment to email chain above dated February 8, 2021 | Draft materials for briefing President on school opening questions, including draft presentation | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including draft presentation.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and |

| | | | | specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including a draft presentation. Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 40. | Page 201 | Email chain beginning and ending on 2/20/21 with an email from Director of National Institute of Allergy and Infectious Diseases (NIAID) to CDC Director, and ending with an email from CDC Director to CDC Principal Deputy Director and a Division Director | NIAID email addresses and phone numbers of high-ranking officials | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 41. | Pages 218-219 | Email chain starting on 2/10/21 from EOP Special Asst. to the President to EOP Special Asst. to the President and Senate Legislative Affairs Liaison, and ending on 2/11/21 with an email from the CDC Director of the Washington Office to CDC CoS, et al. | Content in the body of emails discussing inquiries relating to public reports on school reopening<br><br>EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding reaction to release of school reopening guidance. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with congressional counterparts on pending agency policies. |

| | | | | Exemption (b)(6), Personal Privacy Interests: Release of White House EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 42. | Page 220 | Email chain starting on 2/16/21 from writer at PolitiFact to EOP press and ending on 2/16/21 with an email from CDC Action Associate Director for Communication to CDC Lead Health Communications Specialist et al. | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of White House EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 43. | Pages 221-286 | Email chain with attachment starting on 2/11/21 from CDC Lead Public Health Analyst to CDC CoS and ending on 2/12/21 with an email from CDC CoS to CDC Director et al. | Discussion in the body of the email relates to edits that need to be made to school guidance based on feedback and comments from reviewers<br><br>Drafts of K-12 schools operational strategy<br><br>Lead Public Health Analyst cell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| 44. | Pages 287-356 | Email chain with attachment starting on 2/8/21 from HHS Policy Coordinator to CDC Lead Public Health Analyst and ending on 2/11/21 with an email from HHS Policy Coordinator to CDC Lead Public Health Analyst | Discussion in the body of the email relates to edits that need to be made to school guidance based on feedback and comments received from other agency reviewers<br><br>Drafts of K-12 schools operational strategy<br><br>Lead Public Health Analyst cell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 45. | Pages 357-391 | Email chain with attachment starting on 2/8/21 from HHS Policy Coordinator to CDC Lead Public Health Analyst and ending on 2/11/21 with an email from HHS Policy Coordinator to CDC Lead Public Health Analyst | Content in the body of emails discusses the edits made to the draft school guidance document, and timing of potential release of guidance<br><br>Draft K-12 school operational strategy<br><br>Lead Public Health Analyst cell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to |

| | | | | |
|---|---|---|---|---|
| | | | | harassment and annoyance in conducting their official duties. |
| 46. | Pages 392-488 | Email chain with attachment starting on 2/8/21 from HHS Policy Coordinator to CDC Lead Public Health Analyst and ending on 2/11/21 with an email from HHS Policy Coordinator to CDC Lead Public Health Analyst | Content in the body of emails discusses the edits made to the draft school guidance document, and timing of potential release of guidance<br><br>Drafts of K-12 school operational strategy<br><br>Lead Public Health Analyst cell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 47. | Pages 489-523 | Email chain with attachment starting on 2/9/21 from CDC Lead Public Health Analyst to HHS Policy Coordinator and ending on 2/10/21 with an email from CDC CoS to HHS CoS et al. | Content in the body of emails discusses the edits made to the draft school guidance document, and timing of potential release of guidance<br><br>Draft K-12 school operational strategy<br><br>Lead Public Health Analyst cell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on draft language for draft guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be |

| | | | | expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 48. | Pages 525-567 | Records attached to email sent on 1/17/21 from CDC Principal Deputy Director to CDC Division Director | Draft School Reopening Guidance Vol. 1 | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 49. | Pages 568-602 | Email chain with attachment starting on 2/9/21 from CDC Lead Public Health Analyst to HHS Policy Coordinator and ending on 2/10/21 with an email from CDC Deputy Director of IMAC to CDC CoS et al. | Content in the body of emails discusses the edits made to the draft school guidance document, and timing of potential release of guidance  Draft K-12 school operational strategy  Lead Public Health Analyst cell number | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on edits relating to school guidance, and pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.  Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 50. | Pages 604-629 | Records attached to email sent on 1/20/21 from CDC | Draft K-12 schools operational plan and | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the |

| | | Division Director to CDC Principal Deputy Director | draft schools science brief | deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 51. | Pages 637-714 | Records attached to email sent on 1/27/21 from CDC CoS to HHS Asst. Sec. for Preparedness and Response et al. | Drafts of phased mitigation and school operational plan documents | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 52. | Pages 716-791 | Records attached to email sent on 1/27/21 from CDC Principal Deputy Incident Manager to CDC CoS | Drafts of phased mitigation and school operational plan documents | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 53. | Pages 792-793 | Email sent on 2/14/21 from CDC Acting Associate Director for Communication to CDC Director | Content in the body of the email consists of draft tweets undergoing clearance prior to being made public | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of draft tweets summarizing media interview given by the Director. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability |

| | | | | of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
|---|---|---|---|---|
| 54. | Page 794 | Email chain beginning on 2/9/21 from EOP Policy Advisor to CDC Acting Associate Director for Communication et al., and ending on 2/10/21 with an email from the CDC Director of the Washington office to a CDC Program Analyst | EOP email address and meeting link with password for a zoom meeting | Exemption (b)(6), Personal Privacy Interests: Release of email addresses and passwords could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 55. | Pages 795-796 | Email chain starting on 2/12/21 from ABC reporter to EOP Asst. Press Secretary and ending on 2/12/21 with an email from EOP Asst. Press Secretary to CDC Associate Director for Communication et al | Content of email chain includes commentary for consideration on messaging and planning for rollout of school reopening guidance and deliberations on responding to media inquiries<br><br>EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding commentary for consideration on messaging and planning for rollout of school reopening guidance and deliberations on responding to media inquiries.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests:  Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| 54. | Page 797 | Email sent on 2/14/21 from CDC Acting Associate Director for Communication to CDC Division Director | Content in the body of the email consists of draft tweets undergoing clearance prior to being made public | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of draft tweets summarizing media interview given by the Director. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
|---|---|---|---|---|
| 55. | Pages 798-801 | Email chain starting on 2/1/21 from the Director of the American Federation of Teachers (AFT) to EOP Covid Response Team Testing Coordinator, et al., and ending on 2/12/21 with an email from the CDC Division Director to CDC Director | Content in body of email chain discussing timing of potential release of guidance, providing draft language for school reopening guidance, and deliberations and questions regarding stakeholder feedback on upcoming CDC guidance<br><br>Phone number and EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of draft language for draft guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on considerations for inclusion in and specific presentation and language of policy guidance.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 56. | Pages 802-804 | Email chain starting on 2/1/21 from the Director of the American Federation of Teachers (AFT) to EOP Covid Response Team | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

| | | Testing Coordinator, et al., and ending on 2/3/21 with an email from the CDC Director to EOP Covid Response Team Testing Coordinator, et al | | |
|---|---|---|---|---|
| 57. | Page 805 | Email chain starting on 2/8/21 from private citizen to CDC Director et al., and ending on 2/9/21 from CDC CoS to CDC Deputy Director of IMAC | Content in the body of the email chain discussion how to respond to inquiries from the public<br><br>Personal email address | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding how to respond to inquiries from the public. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of personal email address of private citizen could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting the private citizen to harassment. |
| 58. | Pages 807-808 | Email chain starting on 2/15/21 from CNN to EOP staff and ending on 2/15/21 with an email from CDC Acting Associate Director for Communication to CDC Deputy Chief et al. | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 59. | Page 809 | Email chain starting on 2/17/21 from CDC Branch | Personal email address | Exemption (b)(6), Personal Privacy Interests: Release of personal email address of private citizen could reasonably |

| | | Chief to a public school Superintendent and ending on 2/18/21 from CDC Director of Washington Office to CDC Public Health Analyst | | be expected to constitute an unwarranted invasion of personal privacy by subjecting the private citizen to harassment. |
|---|---|---|---|---|
| 60. | Pages 811-813 | Email chain starting on 1/21/21 from CDC CoS to WH Policy Advisor on COVID-19 Response et al. and ending on 1/21/21 with an email to CDC CoS, CDC Director, et al. | Content in subject line of email chain regarding COVID-19 response and coordination<br><br>EOP email addresses, phone numbers, meeting IDs, and passcodes for a conference line | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative matters for planning and consideration during the COVID-19 response.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for responding to and coordinating the response to public health emergencies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses, phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 61. | Pages 814-815 | Email chain starting on 1/21/21 from CDC CoS to CDC Program Analyst and ending on 1/21/21 from CDC Program Analyst to CDC Principal Deputy Director | Phone numbers, meeting IDs, and passcodes for a conference line | Exemption (b)(6), Personal Privacy Interests: Release of phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 62. | Pages 816-818 | Email chain starting on 1/21/21 from CDC CoS to | Content in subject line of email chain regarding | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative matters for |

| | | WH Policy Advisor on COVID-19 Response and ending on 1/21/21 with an email from CDC Principal Deputy Director to WH Policy Advisor on COVID-19 Response, et al. | COVID-19 response and coordination<br><br>EOP email addresses, phone numbers, meeting IDs, and passcodes for a conference line | planning and consideration during the COVID-19 response.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for responding to and coordinating the response to public health emergencies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses, phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 63. | Pages 819-821 | Email chain starting on 1/21/21 from CDC CoS to WH Policy Advisor on COVID-19 Response et al. and ending on 1/21/21 with an email from CDC CoS to Executive Assistant to CDC Director | Content in subject line of email chain regarding COVID-19 response and coordination<br><br>EOP email addresses, phone numbers, meeting IDs, and passcodes for a conference line | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative matters for planning and consideration during the COVID-19 response.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for responding to and coordinating the response to public health emergencies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses, phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an |

| | | | | unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 64. | Pages 822-855 | Email chain with attachment starting on 2/10/21 from EOP Policy Advisor to EOP Covid Response Team Testing Coordinator, et al., and ending on 2/11/21 with an email from CDC Branch Chief to EOP Policy Advisor et al. | Draft K-12 operational strategy

EOP email addresses, phone numbers, meeting IDs, and passcodes for a conference line | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.

Exemption (b)(6), Personal Privacy Interests: Release of email addresses, phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 65. | Pages 856-860 | Email chain starting on 1/29/21 from CDC Associate Director for Policy to CDC Acting Associate Director for Communication et al., and ending on 2/3/21 with an email from CDC Health Communications Specialist to CDC Acting Associate Director for Communication et al. | Content in the body of the email contains commentary regarding the review and coordination of the rollout plan for K-12 operational guidance release

Phone numbers and meeting IDs for conference line | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding planning for rollout of school reopening guidance.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |

| | | | | Exemption (b)(6), Personal Privacy Interests: Release of phone numbers, meeting ID's, and passcodes could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 66. | Pages 861-863 | Email chain starting on 2/11/21 from EOP Director of Broadcast media to CDC Acting Associate Director for Communication and ending on 2/11/21 with an email from CDC Division Director to CDC Acting Associate Director for Communication | Content in the body of the email consists of proposals and considerations for responding to media requests to interview CDC Director<br><br>Phone number of Director of Broadcast Media and EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for media and stakeholder communications and strategies and planning for safe school operating rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers and email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 67. | Pages 864-865 | Email chain starting on 2/11/21 from EOP Director of Broadcast media to CDC Acting Associate Director for Communication and ending on 2/11/21 with an email from CDC Deputy Chief to CDC | Content in the body of the email consists of proposals and considerations for responding to media requests to interview CDC Director | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for media and stakeholder communications and strategies and planning for safe school operating rollout.  The release of this internal information would compromise the deliberative process of |

| | | Acting Associate Director for Communication | Phone number of Director of Broadcast Media and EOP email addresses | the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies.

Exemption (b)(6), Personal Privacy Interests: Release of phone numbers and email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 68. | Pages 866-871 | Email chain starting on 2/11/21 from EOP Director of Broadcast media to CDC Acting Associate Director for Communication and ending on 2/22/21 with an email from CDC Division Director to CDC Acting Associate Director for Communication | Content in the body of the email consists of proposals and considerations for responding to media requests to interview CDC Director

Phone number of Director of Broadcast Media and EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for media and stakeholder communications and strategies and planning for safe school operating rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies.

Exemption (b)(6), Personal Privacy Interests: Release of phone numbers and email addresses could reasonably be expected to constitute an unwarranted invasion of |

| | | | | personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 69. | Pages 873-875 | Records attached to email dated 2/10/21 from CDC Director to CDC Division Director | Draft response to follow-up inquiries on K-12 guidance | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and draft remarks in response to inquiries. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
| 70. | Pages 876-894 | Email chain with attachment stating on 1/28/21 from CDC Acting Associate Director for Communication to CDC Task Force Lead and ending on 1/28/21 with an email from CDC Associate Director for Policy to CDC Acting Associate Director for Communication et al. | Content in body of email chain discussing timing of potential release of guidance for the rollout plan<br><br>Draft rollout plan | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of internal plans related to school rollout, pre-decisional and deliberative draft documents including comment bubbles with recommendations, redlined material, talking points, and highlighted material for consideration.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies. |
| 71. | Page 897 | Email chain with attachment starting on 2/11/21 from CDC Lead Health Communications Specialist to CDC Acting | Content in body of email chain discussing edits to K-12 operational strategy fact sheet | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions made during the decision-making process as to what should or should not be included in the K-12 operational strategy fact sheet. |

| | | Associate Director for Communication and ending on 2/12/21 with an email from CDC Public Health Analyst to CDC Acting Associate Director for Communication | | Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 72. | Pages 901-906 | Media inquiry sent from CNN on 2/17/21 and ending with an email chain on 2/17/21 from CDC Press Officer to CDC Acting Associate Director for Communication | Content in body of email chain discussing potential remarks in response to media inquiries | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions and draft remarks in response to media inquiries. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |
| 73. | Pages 909-912 | Media inquiry sent from NYT on 2/17/21 and ending with an email chain on 2/18/21 from CDC Acting Associate Director for Communication to HHS Deputy Asst. Sec. for Public Affairs | Content in body of email chain discussing talking points in response to media inquiries | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of talking points and draft remarks in response to media inquiries. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties. |

| 74. | Pages 913-915 | Email chain starting on 2/8/21 from WH Associate Director of Presidential Scheduling to to WH CoS, WH COVID-19 Response Coordinator, Domestic Policy Advisor, CDC CoS, et al and ending with email on 2/9/21 from Executive Assistant to CDC Director to CDC CoS | Content of email chain consists of discussion of preparation for briefing President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing for briefing the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing for briefing the President.  Redacted material reveals information regarding briefing materials and briefing of the President and his advisers regarding information asked for and received by the President and his advisers.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 75. | Pages 916-919 | Email chain starting 2/8/21 from HHS Policy Advisor to HHS CoS et al., and ending on 2/9/21 with an email from CDC Deputy Director to CDC Public Health Analyst et al. | Content in the body of the email consists of discussion on planning for potential guidance rollout and tasks that need to be completed prior to rollout occurring | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussion regarding planning for rollout of draft guidance. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies.  In addition, release would result in a chilling effect on |

| | | | | |
|---|---|---|---|---|
| | | | | intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on considerations for inclusion in and specific presentation and language of policy guidance. |
| 76. | Page 920 | Email chain with attachment starting on 2/7/21 from Counselor to the President to CDC Director et al. and ending on 2/7/21 with an email from CDC Director to Counselor to the President | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions<br><br>EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 77. | Pages 921-934 | Attachment to email chain above dated February 7, 2021 | Draft materials for briefing President on school opening questions, including draft | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including draft presentation.  Release would compromise the deliberative process of the agency |

| | | | talking points, draft summary information, and draft question and answers | in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner for inclusion in and specific presentation and language of policy considerations.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of pre-decisional and deliberative draft briefing materials, including draft presentation. Redacted material reveals information the President and his advisers asked for and received. Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
|---|---|---|---|---|
| 78. | Pages 935-957 | Email chain with attachment starting on 1/22/21 from CDC CoS to CDC Division Director and ending 1/23/21 with an email from CDC Division Director to CDC CoS et al. | Content in the body of the mail discussing potential timing of release for school guidance<br><br>Draft K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion on plans for when to release school guidance, pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy. This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 79. | Pages 963-965 | Email chain starting on 2/10/21 from EOP Deputy Communications Director to EOP staff and ending on 2/10/21 with an email from EOP Deputy Communications | Content in the body of emails contains proposed answers to and considerations for responding to incoming inquiries. | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions, deliberations, and draft responses to inquiries regarding school opening. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of |

| | | Director to HHS Deputy Asst. Sec. for Public Affairs et al. | Phone number of Deputy Communications Director and EOP email addresses | policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.

Exemption (b)(6), Personal Privacy Interests: Release of personal cell phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance. |
| 80. | Pages 966-968 | Email chain starting on 2/10/21 from EOP Deputy Communications Director to EOP staff and ending on 2/10/21 with an email from EOP Deputy Communications Director to HHS Deputy Asst. Sec. for Public Affairs et al. | Content in the body of emails contains proposed answers to and considerations for responding to incoming inquiries.

Phone number of Deputy Communications Director and EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted material consists of opinions, deliberations, and draft responses to inquiries regarding school opening. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies, including pre-decisional deliberations on appropriate responses to inquiries from those parties.

Exemption (b)(6), Personal Privacy Interests: Release of personal cell phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance. |

*Vaughn* III
**Page 35 of 42**

| | | | | |
|---|---|---|---|---|
| 81. | Pages 969-970 | Email chain starting on 2/7/21 from CDC Division Director to CDC Director, cc CDC Principal Deputy Director, CDC CoS and ending on 2/7/21 with email from CDC Division Director to CDC CoS, cc to CDC Principal Deputy Director and CDC Director | Content of email chain consists of discussion of preparation and drafting of briefing materials for President on school opening questions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of and suggestions for preparing materials to brief the President. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration.<br><br>Exemption (b)(5), Presidential Communications Privilege: redacted materials consist of deliberative discussion of and suggestions for preparing materials to brief the President.  Redacted material reveals information the President and his advisers asked for and received.  Release would reveal internal discussions and strategy on how to conduct daily business and would compromise the President's ability to receive candid and informed opinions from his advisers. |
| 82 | Pages 972-1042 | Email chain with attachments starting 1/29/21 from CDC Associate Director for Policy to CDC Acting Associate Director for Communication et al., and ending on 2/1/21 with an email from CDC Branch Chief to CDC Associate Director for Policy et al. | Draft K-12 schools operational strategy<br><br>Phone numbers and conference ID | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional drafts with comment bubbles recommending changes, notes, and highlighted text. Release would compromise the deliberative process of the agency in administrative matters regarding open, frank discussions on matters of policy.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers and meeting IDs could reasonably be |

| | | | | expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 83. | Pages 1043-1052 | Email chain with attachments starting 1/29/21 from CDC Associate Director for Policy to CDC Acting Associate Director for Communication et al., and ending on 1/31/21 with an email from CDC Branch Chief to CDC Associate Director for Policy et al. | Draft K-12 schools science brief<br><br>Phone numbers and conference ID | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations.<br>Exemption (b)(6), Personal Privacy Interests: Release of phone numbers and meeting IDs could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 84. | Pages 1054-1084 | Records attached to email sent on 2/10/21 from CDC Branch Chief to CDC Acting Associate Director for Communication | Draft K-12 schools operational strategy | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative draft materials with edits.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 85. | Pages 1086-1091 | Email chain starting on 2/10/21 from CDC Public Health Analyst to HHS Deputy Director Discretionary Health et al., and ending on 2/10/21 with an email from CDC Director Washington | Content in the body of the email contains deliberations on questions, considerations, and planning for a tentative schedule for proposed | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations, recommendations, strategies, and planning for Capitol Hill outreach on school guidance rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy |

| | | Office to CDC Public Health Analyst | Capitol Hill outreach plan for school guidance | between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 86. | Pages 1092-1093 | Email chain starting on 2/12/21 from CDC Acting Associate Director for Communication to CDC Branch Chief et al. and ending on 2/12/21 with an email from CDC Acting Associate Director for Communication to CDC Branch Chief et al. | Content in the body of the email contains discussion on talking points for school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions about recommendations and talking points regarding school guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 87. | Pages 1094-1096 | Email chain starting on 2/12/21 from CDC Acting Associate Director for Communication to CDC Branch Chief et al. and ending on 2/12/21 with an email from CDC Acting Associate Director for Communication to CDC Branch Chief et al. | Content in the body of the email contains discussion on talking points for school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussions about recommendations and talking points regarding school guidance.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials to deliberate in a candid and meaningful manner on policy considerations. |
| 88. | Pages 1097-1098 | Email chain starting on 1/28/21 from CDC CoS to CDC Division Director, et al and ending on 1/30/21 with an email from CDC CoS to ASPR, HHS COVID-19 Response CoS, et al. | Content in the body of the email contains discussion on edits made to K-12 schools operational strategy document | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of discussion of edits made during the decision-making process for the K-12 operational strategy, as well as plans for stakeholder engagement and rollout. Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on agency communications and hinder the ability of agency officials |

| | | | | to deliberate in a candid and meaningful manner on policy considerations. |
|---|---|---|---|---|
| 89. | Pages 1099-1114 | Email chain with attachment starting on 2/13/21 from CDC Division Director to CDC Acting Associate Director for Communication and ending on 2/13/21 with an email from CDC Acting Associate Director for Communication to CDC Division Director | Content in the body of the email contains preparation material for upcoming interviews on school guidance<br><br>Draft school guidance prep memo | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of updates to a memo and draft talking points for upcoming interviews. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating and engaging with the public and interested parties on pending agency policies. |
| 90. | Pages 1115-1119 | Email chain with attachment stating on 2/10/21 from CDC Director Washington Office to CDC CoS and ending on 2/11/21 with an email from CDC Deputy Director of Washington Office to CDC Director Washington Office et al. | Discussion in body of email chain deliberating on questions and considerations for media and stakeholder communications and planning for congressional outreach for safe school operating rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for media and stakeholder communications and strategies and planning for congressional outreach on safe school operating rollout. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public, congressional counterparts, and interested parties on pending agency policies. |
| 91. | Pages 1121-1123 | Email chain with attachment starting on 2/12/21 from HHS Director of Intergovernmental and External Affairs to HHS | Content in the body of the email contains discussion on talking points for school rollout | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding talking points for the school guidance rollout.  The release of this internal information |

| | | CoS and ending on 2/12/21 with an email from CDC Acting Associate Director for Communication to HHS CoS et al. | Draft talking points for school rollout | would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public and interested parties on pending agency policies. |
|---|---|---|---|---|
| 92. | Pages 1124-1125 | Email chain starting on 2/9/21 from HHS COVID-10 Response CoS to HHS Deputy Asst. Sec. for Public Affairs et al., and ending on 2/10/21 with an email from CDC Acting Associate Director for Communication to HHS CoS et al. | Content in the body of the emails contains material related to CDC's clearance process for rollout of the school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of clearance processes and discussions about potential interagency rollout coordination. The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials and their counterparts to deliberate in a meaningful and collaborative manner on coordination of potential policies, process for reviewing those policies, and process for presenting those policies. |
| 93. | Page 1126 | Email chain starting on 2/6/21 from EOP Vice President's CoS to EOP Coronavirus Response Coordinator and ending on 2/7/21 with an email from CDC Director to EOP Coronavirus Response Coordinator | Content in the body of the email contains material related to planning for potential stakeholder outreach  EOP email addresses | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for stakeholder communications and strategies.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner |

| | | | | on methods of and strategies for communicating with the public and interested parties on pending agency policies.

Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
|---|---|---|---|---|
| 94. | Page 1127 | Email chain starting on 2/17/21 from CDC Public Affairs Specialist to CDC Division Director and ending on 2/17/21 with an email from CDC Division Director to CDC Acting Associate Director for Communication | Content in the body of the email contains discussion on how to address and clarify responses to media inquiries | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion regarding reaction to release of school reopening guidance and how to address media inquiries.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff members. This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with congressional counterparts on pending agency policies. |
| 95. | Pages 1128-1129 | Email chain starting with an email dated 2/7/2021 from the CDC CoS to EOP Intergovernmental Affairs Director and ending on 2/15/2021 with an email from EOP Intergovernmental Affairs Director to CDC CoS | EOP email addresses | Exemption (b)(6), Personal Privacy Interests: Release of EOP email addresses could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |
| 96. | Page 1130 | Email chain starting on 2/6/21 from CDC Division Director to CDC Director and ending on 2/7/21 with an email from | Contents of email chain consist of discussion of preparation and drafting of briefing materials | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of deliberative discussion of preparing materials.  Release would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of policy between staff |

| | | | | |
|---|---|---|---|---|
| | | CDC Director to CDC Division Director et al. | | members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on specific presentation of information under policy consideration. |
| 97. | Pages 1131-1132 | Email chain starting on 2/10/21 from EOP Deputy Press Secretary to EOP Senior Advisor to the President et al., and ending on 2/11/21 with with an email from EOP Deputy Press Secretary to HHS Deputy Asst. Sec. for Public Affairs et al. | Discussion in body of email chain deliberating on questions and considerations for media communications for safe school operating rollout<br><br>EOP email addresses and phone numbers | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional and deliberative discussions regarding considerations and recommendations for media communications and strategies on safe school operating rollout.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on matters of decision-making and policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods of and strategies for communicating with the public on pending agency policies.<br><br>Exemption (b)(6), Personal Privacy Interests: Release of email addresses and phone numbers could reasonably be expected to constitute an unwarranted invasion of personal privacy by subjecting personnel to harassment and annoyance in conducting their official duties. |

**American Public Trust**
Case No. 21-cv-02834

Vaughn *Index of Information Withheld/Redacted From* August 26, 2021 *Release*

| | | HHS RESPONSE PROVIDED AUGUST 26, 2021 | | |
|---|---|---|---|---|
| Item | Document | Document Identification | Description of Withheld Material | Basis for Withholding |
| 1. | Pages 27-28 | Part of email chain on Proposed Hill Outreach Plan for School Guidance Release | Discussions reflecting the agency's internal deliberations as the agency was determining the best timing and manner to communicate the Guidance most effectively across the government and to the public at large, more specifically, whom to reach out to, when | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 2. | Pages 29-30 | Part of email chain on Proposed Hill Outreach Plan for School Guidance Release | Discussions on key points related to the outreach for the School | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, |

| | | | | HHS RESPONSE PROVIDED AUGUST 26, 2021 |
| --- | --- | --- | --- | --- |
| Item | Document | Document Identification | Description of Withheld Material | Basis for Withholding |
| | | | Guidance, and discussions on individuals who should be involved and why, discussions on other issues to consider in outreach, and suggestions | comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 3. | Page 33 | Part of intra-agency email chain responding to Nancy Tourk on Proposed Hill Outreach Plan for School Guidance Release | Discussions on timing, communications, calls to set up, types of attendees, and exploring other ideas to rollout school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for |

| | | | | HHS RESPONSE PROVIDED AUGUST 26, 2021 |
|---|---|---|---|---|
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| | | | | communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 4. | Page 34 | Part of email chain on Proposed Hill Outreach Plan for School Guidance Release | Discussions on key points related to the outreach for the School Guidance, and discussions on individuals who should be involved and why, discussions on other issues to consider in outreach, and suggestions | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 5. | Page 35 | Part of email chain on Proposed Hill Outreach Plan for School Guidance Release | Discussions on options on who else should be involved in School Guidance release as well as who would have other ideas, and how to | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the |

| | | | | |
|---|---|---|---|---|
| **HHS RESPONSE PROVIDED AUGUST 26, 2021** | | | | |
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| | | | connect with certain entities | deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies |
| 6. | Page 37 | Part of email chain related to Nancy Tourk on Proposed Hill Outreach Plan for School | Discussions on press briefings that would be related to School Guidance, proposed plan, timing, who should be involved, possible briefers, entities involved | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies |

| | | HHS RESPONSE PROVIDED AUGUST 26, 2021 | | |
|---|---|---|---|---|
| Item | Document | Document Identification | Description of Withheld Material | Basis for Withholding |
| 7. | Page 39 | Part of email chain on school re-opening quick question | Discussion on whether a certain perspective was or should have been considered as it related to school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 8. | Page 40 | Part of email chain related to school re-opening--quick question | Discussing possible issues and their impact in school re-opening, resolution, and connection to school guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling |

| | | | | |
|---|---|---|---|---|
| **HHS RESPONSE PROVIDED AUGUST 26, 2021** | | | | |
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| | | | | effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 9. | Page 41 | Part of email chain from Despres, Sarah (HHS/IOS) to Pearlman, Aj (HHS/IOS) <Aj.Pearlman@hhs.gov>; O'Connell, Dawn (HHS/IOS) <Dawn.Oconnell@hhs.gov>; Sams, Ian (HHS/ASPA) Ian.Sams@hhs.gov related to school re-opening--quick question | Discussing issues that may have come up related to immunization that would impact school opening guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 10 | Page 42 | Part of email chain on OMB comments on CDC School guidance | Discussing intra and inter-agency OMB redline comments related | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, |

| | | | | HHS RESPONSE PROVIDED AUGUST 26, 2021 |
|---|---|---|---|---|
| Item | Document | Document Identification | Description of Withheld Material | Basis for Withholding |
| | | | to School Guidance document and types of comments that should be considered | comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 11 | Page 42 | Mobile telephone of Lauren Hoffman | Mobile telephone of Lauren Hoffman | Exemption (b)(6) protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  In this case, the information withheld consists of the mobile telephone number of Lauren Hoffman, the disclosure of which would foreseeably cause the violation of her individual privacy.  Mobile phone numbers are information that is "similar to a 'personnel because they are not publicly available through sources such as telephone directories and enable anyone who has that number to reach the holder of the phone at any time |

| | | | | HHS RESPONSE PROVIDED AUGUST 26, 2021 |
|---|---|---|---|---|
| Item | Document | Document Identification | Description of Withheld Material | Basis for Withholding |
| | | | | of the day, intruding on their privacy, and hence do not represent a public interest cognizable under the FOIA |
| 12 | Page 43 | Part of email chain on OMB comments on CDC School guidance | Discussing course of action to take on OMB comments as they relate to School Guidance document; also discussing policy issues, timing of press release, and edits related to OMB comments on CDC School guidance | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 13 | Page 44 | Part of email chain on OMB comments on CDC School guidance | Discussing Inter-agency sharing of comments, as well as suggested edits, additions to the document, how to organize the document, what could be helpful, | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative |

| | | | | |
|---|---|---|---|---|
| **HHS RESPONSE PROVIDED AUGUST 26, 2021** | | | | |
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| | | | and what to replace in School guidance document. | matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 14 | Page 44 | Mobile telephone number of Rachel Pollock | Mobile telephone number of Rachel Pollock | Exemption (b)(6) protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  In this case, the information withheld consists of the mobile telephone number of Rachel Pollock, the disclosure of which would foreseeably cause the violation of her individual privacy.  Mobile phone numbers are information that is "similar to a 'personnel because they are not publicly available through sources such as telephone directories and enable anyone who has that number to reach the holder of the phone at any time of the day, intruding on their privacy, and hence do not represent a public interest cognizable under the FOIA. |
| 15 | Page 45 | Part of email chain related to CDC School guidance, specifically, related to OMB | Discussions on actions that need to be taken and with who at the inter- | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, |

| | | | | |
|---|---|---|---|---|
| **HHS RESPONSE PROVIDED AUGUST 26, 2021** | | | | |
| **Item** | **Document** | **Document Identification** | **Description of Withheld Material** | **Basis for Withholding** |
| | | needing CDC School Guidance | agency level for maximum inter-agency harmonization and also discussing asking for more information on other inter-agency pending items.  This page also provides the background on clearance of the upcoming CDC guidance, and how it was cleared, shared and updated and who was involved | comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 16 | Page 46 | Part of email chain related to questions on CDC School guidance | Discussing inter-agency coordination between Department of Education and CDC and giving names of individuals who were involved at Department of Education | Exemption (b)(5), Deliberative Process Privilege: redacted materials consist of pre-decisional inter-agency and intra-agency deliberations, discussions, opinions, thoughts, comments, and other statements that informed the outreach plan of the School Guidance release.  The release of this internal information would compromise the deliberative process of the agency in administrative matters requiring open, frank discussions on policy between staff members.  This would result in a chilling effect on intra- and inter-agency communications and |

| | | | | HHS RESPONSE PROVIDED AUGUST 26, 2021 |
|---|---|---|---|---|

| Item | Document | Document Identification | Description of Withheld Material | Basis for Withholding |
|---|---|---|---|---|
| | | | | reduce the ability of agency officials to deliberate in a meaningful manner on methods and strategies for communicating and engaging with the public and interested parties on pending agency policies and on strategies for releasing pending policies. |
| 17 | Pages 46-47 | Mobile telephone number of Lauren Hoffman | Mobile telephone number of Lauren Hoffman | Exemption (b)(6) protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  In this case, the information withheld consists of the mobile telephone number of Lauren Hoffman, the disclosure of which would foreseeably cause the violation of her individual privacy.  Mobile phone numbers are information that is "similar to a 'personnel because they are not publicly available through sources such as telephone directories and enable anyone who has that number to reach the holder of the phone at any time of the day, intruding on their privacy, and hence do not represent a public interest cognizable under the FOIA. |